■ FLORENCE RAND, Appellant, v CITY OF NEW YORK, Respondent.—In a trespass action seeking relief by way of restitution, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County, entered January 18, 1974, as, on defendant's motion dismissed (1) the fourth cause of action asserted in her complaint and (2) that portion of her first cause of action as sought to recover damages for the period from November 6, 1968 to July 14, 1972. Order affirmed insofar as appealed from, without costs. Plaintiff's complaint alleges that the trespass commenced in November, 1968 on a parcel of paved land which she owned in Queens County and that it continued until November, 1972. It is further alleged in an affidavit by her attorney that plaintiff became aware of the trespass during November, 1968, at which time she commenced negotiations to lease the land to the city. The property was taken by the city in condemnation, title having vested on December 11, 1972, without a lease ever having been agreed upon. The notice of claim was duly served on defendant on October 13, 1972. Defendant contends that while it might have been liable for damages beginning 90 days prior to the filing of the notice of claim, any damages for an earlier trespass are barred by sections 50-e and 50-i of the General Municipal Law. Section 50-i provides that no action may be maintained against a city for damage to real property unless a notice of claim is served upon the city. Section 50-e provides that the notice of claim shall be served within 90 days after the claim arises. The purpose of such notice of claim statute is " 'to protect municipalities against fraudulent and stale claims for injuries to person and property * * * to afford the municipality opportunity to make an early investigation of the claim while the facts surrounding the alleged claim are still "fresh" ' " *(Matter of Martin v School Bd. of Union Free Dist. No. 28, Long Beach,* 301 NY 233, 236). We recognize that compliance with the notice of claim requirements of section 50-e is not necessary where the action is brought in equity to restrain a continuing act and where a demand for money damages is merely incidental to the requested injunctive relief. However, we do not subscribe to plaintiff's assertion that she should be permitted to seek money damages for the entire period of the trespass because the city terminated her equitable right to enjoin the trespass when it condemned the land. Plaintiff had ample

opportunity to enjoin the trespass during the almost four years she was aware of it and may not properly assert that theory at this late date (cf. *Ruocco v Doyle,* 38 AD2d 132). The fourth cause of action, phrased in terms of unjust enrichment, was properly dismissed. Plaintiff argues that principles of restitution, separate and distinct from an implied contract theory, entitle her to recovery. Indeed, it has been recognized that a trespasser should not be permitted to benefit from the wrongful act even though the plaintiff suffers no injury (cf. *West St. Auto Serv. v Schmidt,* 26 AD2d 662). However, since the complaint is premised upon a trespass, plaintiff must be held to the statutory notice of claim requirement set forth in section 50-e. Therefore, the proper measure of damages is encompassed in the first cause of action. Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.