OPINION OF THE COURT
Anthony J. Mercorella, J.
This matter is of particular interest because it involves CPLR 3214 (subd [b]) which has generated very little case law activity.
Motion by defendant B. B. M. Realty Corp. to restore the motion to the calendar is granted. The original motion to strike the interrogatories returnable April 23, 1979 was marked off for failure of movant to appear. The court will *1021 exercise its discretion and excuse movant’s default and herein decides that their request for a protective order should be granted.
 CPLR 3214 (subd [b]) provides that disclosure is stayed pending determination of a motion made pursuant to CPLR 3211. On February 16, 1979, plaintiff moved to strike defendant’s second affirmative defense and several counterclaims. Thereafter, on February 27, 1979, plaintiff served interrogatories on defendants. Plaintiff contends that CPLR 3214 (subd [b]) only stays the service of the answers to the interrogatories and does not preclude service of the propounded interrogatories. The court rejects this contention. While the court has the inherent discretion to allow disclosure in those cases where it is necessary in order to respond to the dispositive motion made pursuant to CPLR 3211 and CPLR 3212, no application for such disclosure was made here. To permit the service of a set of interrogatories notwithstanding CPLR 3214 (subd [b]) serves no practical purpose. Even if the interrogatories were permitted to be served, would not the party upon whom such service was made be required to raise any substantive objections to the proposed interrogatories? Or would these objections be deferred until the determination of the dispositive motion? CPLR 3133 mandates that a protective order be sought within 10 days. It occurs that the better practice would be to suspend all discovery procedures, including the service of the interrogatories, until such time as the motions to dismiss or for summary judgment were decided. The purpose of CPLR 3214 (subd [b]), in this court’s opinion, is to prevent the unwarranted resort to disclosure. If the motion to dismiss were granted in this case, disclosure becomes unnecessary (see Weinstein & Sons v DIC Concrete Corp., NYLJ, May 18, 1965, p 18, col 7).
The law abhors a vacuum and that is exactly what results if interrogatories are permitted to be served without requiring a response in the form of questions or motion for protective order. CPLR 3214 (subd [b]) provides for an automatic stay of disclosure; accordingly, defendants’ motion for a protective order is granted and the interrogatories heretofore served are stricken without prejudice to plaintiff’s right to serve them after disposition of the motion to dismiss made by plaintiff on February 16, 1979.
The cross motion by defendant Leo Blank, who appears pro se, to restore to the calendar his motion to vacate inter *1022 rogatories is granted. The motion is heard and denied as untimely made (see CPLR 3122). Further the objections of the codefendants to the interrogatories served upon defendant Leo Blank are unavailing. By appearing pro se and separately from the other defendants, defendant Leo Blank has put plaintiffs counsel to the burden of serving an additional set of interrogatories and an additional copy of all papers. It would be unfair at this time to hear the codefendants’ objections. Defendant Leo Blank is directed to answer the interrogatories within 20 days after service of a copy of this order.