■ RALPH RAPPAPORT, Respondent, v LEO BLANK, Appellant, et al., Defendants.—Order of the Supreme Court, New York County, entered June 8, 1979, granting so much of appellant's motion as sought to restore to the calendar his motion to vacate the interrogatories served upon him by respondent and denying so much thereof as sought vacatur of the interrogatories, reversed, on the law, to the extent appealed from and the motion to vacate the interrogatories granted, with costs. During the pendency of a motion by plaintiff addressed to defendants' answers, plaintiff separately served upon defendants his first set of interrogatories. All of the defendants, including appellant, who, by then, was appearing *pro se* moved to strike the interrogatories under CPLR 3214 (subd [b]). That rule provides for a stay of disclosure during the pendency of a motion addressed to the pleadings or for summary judgment or for partial summary judgment. Through some inadvertence, the motions were defaulted upon by the moving parties. Separate motions were made to restore these matters to the Motion Calendar. These were granted and on the merits appellant's motion to vacate the interrogatories was denied, while that of the remaining defendants was granted. Although both motions were served by mail the same day, Special Term held that appellant's motion was not timely made while that of the other defendants was. In so doing, he relied on CPLR 3122 which requires that motions directed to discovery under CPLR 3120 and 3121 must be made

within *five* days after service of a notice seeking discovery under such provisions. This was error. CPLR 3120 deals with discovery of documents while CPLR 3121 concerns itself with reports of mental and physical examinations. Neither is here involved. CPLR 3133 is the proviso which concerns motions directed to interrogatories and allows *10* days for the making of such motions. Hence, laying aside the fact that appellant and the other defendants served their motions the same day and that Special Term held the motions of the other defendants timely, the motion by appellant, mailed March 9, 1979, in response to a set of interrogatories dated February 27, 1979, was timely. Reference is made in a letter to a cross appeal by plaintiff and in his brief plaintiff designates himself as cross appellant. However, no cross notice of appeal is contained in the record. It would appear from plaintiff's brief that the cross appeal is concerned with the procedural question of a stay rather than vacatur of the interrogatories. In that regard, we would agree with the Justice at Special Term. As noted by him, in the event the motion addressed to the answer is granted, much, if not all, of the interrogatories would become academic. Concur—Bloom, J. P., Lane, Markewich, Lupiano and Ross, JJ. [99 Misc 2d 1020.]