## (March 6, 1980)

■ RALPH RAPPAPORT, Plaintiff, v LEO BLANK et al., Respondents, and IRVING MILLER, Appellant..—Order, Supreme Court, New York County, entered July 16, 1979, reversed, in the exercise of discretion, and motion of defendant-appellant Miller to disqualify Stephen Paul Blank, Esq., from acting as counsel in this action for defendants-respondents granted, with one bill of costs to be paid defendant-appellant by defendants-respondents. Before institution of this and related actions, S. P. Blank, son of defendant Leo Blank, whom the former represented in all his business interests inclusive of those in which Miller was a partner, had also been Miller's

personal counsel. When the instant litigation commenced, Miller requested his counsel, S. P. Blank, to represent him here; the lawyer declined, citing as his reason a potential conflict of interest. Accordingly, Miller, acting upon the position taken by his lawyer and on the additional ground of possession by the latter of confidential information respecting his former client, moved to disqualify him from representation of all the other defendants. Special Term denied the motion, referring the question to Trial Term. There was no issue of fact to be taken to Trial Term and quite obviously S. P. Blank, having had access to confidential information concerning his former client, should not represent others whose interests are adverse to those of the former client. "The general rule is that a lawyer may not represent adverse interests or undertake to discharge conflicting duties. There are exceptional instances when he may do so, when the conflict of interests is nominal or negligible, or where there has been complete disclosure. Except in the latter instance, acting for conflicting interests is always fraught with peril. (*Eisemann v. Hazard,* 218 N. Y. 155, 159.)" (*Smallwood v Overseas Stor. Co.,* 263 App Div 609, 612.) Concur—Murphy, P. J., Birns, Markewich and Bloom, JJ. [99 Misc 2d 1020.]