■ JAMES N. COOKE, III, Appellant, v LAIDLAW ADAMS & PECK, INC., et al., Respondents.—Order, Supreme Court, New York County (Alfred Ascione, J.), entered July 10, 1986, which held in abeyance plaintiff's motion to disqualify the firm of Wilson, Elser, Moskowitz, Edelman & Dicker as attorneys for

the defendants and referred the issues raised to a Referee, unanimously reversed, on the law, and the motion to disqualify the defendants' attorneys granted, without costs.

The instant action is brought by plaintiff, James N. Cooke, III, against Laidlaw Adams & Peck, Inc. (Laidlaw) and its chief executive officer and chairman of the board, Robert Clayton, for breach of Cooke's employment contract and seeks reimbursement of business expenses alleged to be due under that agreement, an injunction restraining enforcement of a restrictive covenant, reimbursement of legal disbursements incurred in defense of a Securities and Exchange Commission (SEC) proceeding, and an injunction directing defendants to exchange plaintiff's subordinated notes for Laidlaw preferred stock.

Plaintiff Cooke was the managing director in charge of corporate finance at Laidlaw from 1977 until 1984 when he became president of the corporation, pursuant to an employment agreement, and also a member of its board of directors. Plaintiff's removal as an officer and director, allegedly without justification, on September 26, 1985, led to the commencement of this litigation.

The law firm of Wilson, Elser, Moskowitz, Edelman & Dicker (Wilson, Elser) appeared for the defendants in this action and served an answer on their behalf. Thereafter, plaintiff moved to disqualify the Wilson, Elser firm primarily on the ground that Wilson, Elser had previously represented plaintiff in connection with matters having a relationship to the instant litigation.

Wilson, Elser represented both Laidlaw and Cooke in proceedings arising out of Laidlaw's underwriting of a public offering for Flight Transportation Corp. The principals of Flight Transportation were subsequently indicted for fraud in connection with this offering in the United States District Court for the District of Minnesota, and the president of that corporation, one William Rubin, has already been convicted. The Securities and Exchange Commission conducted an administrative proceeding investigating, *inter alia,* the steps that Cooke took, as head of Laidlaw's corporate finance department, in supervising the "due diligence" inquiry of the Flight Transportation offering. Wilson, Elser represented Cooke personally in those proceedings from 1983 until March 1985. The Wilson, Elser firm also represented Laidlaw, and Cooke, individually, in certain private securities actions arising out of the Flight Transportation matter, including one in

which Cooke was a witness, with Wilson, Elser representing him at the deposition.

In addition, the law firm represented Cooke before the New York Stock Exchange in the course of two separate arbitration proceedings brought by former Laidlaw employees.

The threshold issue is whether Cooke was, in fact, a client of the Wilson, Elser law firm. The firm claims that it was Laidlaw's attorney and that it appeared on behalf of Cooke only in his capacity as a Laidlaw employee, stressing that it billed only Laidlaw for its services. This fact, however, is not critical. "[I]t is not uncommon for corporate counsel to represent an individual corporate officer when he is sued as a result of actions he has taken within the ambit of his official duties. When this occurs, corporate counsel becomes counsel for the individual officer as well, even if the corporation pays all of his fee." *(Hutton & Co. v Brown,* 305 F Supp 371, 388.) More significant is that Messrs. Boyle and Thau, the members of Wilson, Elser appearing in the SEC proceeding, admitted *on the record* before the SEC that they were appearing personally on Cooke's behalf and, indeed, the individual nature of their representation of Cooke in that proceeding is further confirmed in the affidavits which were submitted by them on the instant motion.

Contrary to respondent's contention, the fact that Cooke's representation by the firm took place at the investigatory stage of the SEC proceedings, rather than in the context of more traditional litigation, in no way diminishes the existence of the attorney-client relationship. The serious consequences that can result from SEC investigative proceedings, whether by way of severe administrative sanctions, civil claims or criminal charges, are underscored by the rules of the SEC itself which provide for representation of witnesses by counsel. *(See, Securities & Exch. Commn. v Csapo,* 533 F2d 7.) An attorney's appearance in a judicial *or quasi-judicial* proceeding creates a presumption that the attorney-client relationship exists. *(Hutton & Co. v Brown,* 305 F Supp, at p 387, n 43, supra,* citing *Matter of Newman,* 172 App Div 173.) In *Hutton (supra),* on facts closely akin to those here present, it was held that the appearance of corporate counsel on behalf of an individual corporate officer at a SEC hearing created a presumption that an attorney-client relationship existed between them and that such presumption because almost irrebuttable when evidenced by entry of a formal appearance by the attorney on behalf of such person and required disqualification of the firm in a subsequent litigation brought by the

corporation against the officer. We similarly hold in this case that the evidence submitted in support of plaintiff's motion for disqualification established the presumption that an attorney-client relationship existed between plaintiff and the Wilson, Elser firm and that Wilson, Elser in its answering papers failed to rebut that presumption or to raise a viable issue in that regard.

An attorney traditionally has been prohibited from representing a party in a lawsuit where an opposing party is the attorney's former client *(Greene v Greene,* 47 NY2d 447). This is consistent with the long-established ethical standards in the practice of law which impose a continuing obligation upon a lawyer to preserve the confidences and secrets of this client even after the termination of his employment and which forbid the subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed *(Cardinale v Golinello,* 43 NY2d 288, 295). Where, as here, a former client of an opposing party's attorney seeks disqualification of the attorney, such relief will be granted where the party seeking disqualification establishes a substantial relationship between the issues in the litigation and the subject matter of the prior representation, or where counsel had access to confidential material substantially related to the litigation. *(Saftler v Government Employees Ins. Co.,* 95 AD2d 54, 57, and cases cited therein.)

It is undeniable that there is a substantial relationship between the issues in the present litigation and the subject of the Flight Transportation proceedings. In their answer, the defendants themselves have put that affair in issue by asserting that Cooke is not entitled to prevail on his claims because he failed to "discharge his responsibilities properly" in the Flight Transporation matter. The entire gravamen of Cooke's action is posited upon defendant's allegedly wrongful treatment of him in the wake of the Flight Transporation transactions. Since Wilson, Elser represented Cooke in prior proceedings involving the Flight Transporation underwriting, it would be inappropriate to permit that firm to represent the opposing party here and the firm should be disqualified.

Trial Term's focus upon whether or not Cooke actually imparted confidential information to any member of the Wilson, Elser firm was misplaced and it was in error in directing a reference on that issue. Where the lawyer, or the firm, has represented the former client in matters related to the subject matter of the current proceeding, that alone would be suffi-

cient to warrant disqualification irrespective of whether or not the lawyer in fact obtained any confidential information in the course of the prior employment. Disqualification of the attorney under such circumstances flows from the continuing sensitive nature of the attorney-client relationship and the ethical considerations which dictate that "the first client is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced in consequence of representation of the opposing litigant by the client's former attorney". *(Cardinale v Golinello, supra,* at p 296; *Saftler v Government Employees Ins. Co., supra,* at p 57.)

The relevant facts in the record herein clearly support the conclusion that disqualification of defendants' counsel is required. Plaintiff submitted conclusive documentary evidence, including the transcript of the SEC proceedings, to establish that Wilson, Elser represented him in his individual capacity. Defendants' answer and bill of particulars demonstrate the substantial relationship between the subject matter of Wilson, Elser's prior representation of Cooke and the instant case. In view of this indisputable documentary evidence, plaintiff's motion to disqualify Wilson, Elser should have been granted and not referred to a Referee *(see, Rappaport v Blank,* 74 AD2d 745; *see also, Drew Natl. Corp. v Goldstein,* 74 AD2d 771).

We note that contrary to respondents' contentions, the order referring the matter to a Referee is appealable since it affects a substantial right of a party. *(Grand Cent. Art Galleries v Milstein,* 89 AD2d 178.) Concur—Sandler, J. P., Ross, Lynch, Milonas and Ellerin, JJ.