■ In the Matter of MARSHALL RATTNER et al., Petitioners, v PLANNING COMMISSION OF THE VILLAGE OF PLEASANTVILLE et al., Respondents. (Matter No. 1.) VILLAGE BOARD OF THE VILLAGE OF PLEASANTVILLE et al., Appellants-Respondents, v PLANNING COMMISSION OF THE VILLAGE OF PLEASANTVILLE, Appellant-Respondent; MARSHALL RATTNER et al., Respondents-Appellants, and RICHARD KERSTEN et al., Counterclaim Appellants-Respondents. (Matter No. 2.)—In a consolidated proceeding pursuant to CPLR article 78 to compel the Planning Commission of the Village of Pleasantville to approve a site plan (matter No. 1), and an action, *inter alia,* for a judgment declaring that the proposed use of the premises in question is in violation of the local zoning ordinance (matter No. 2), (1) the plaintiffs, the defendant Planning Commission of the Village of Pleasantville, and the counterclaim defendants in matter No. 2 appeal (a) as limited by their notice of appeal and brief, from so much of an order of the Supreme

Court, Westchester County (Palella, J.), entered November 13, 1987, as granted that branch of the motion of the defendants Marshall Rattner, Marshall Rattner, Inc., and National Limousine Service, Inc., in matter No. 2 which was to dismiss the thirteenth affirmative defense in their reply to those defendants' counterclaims, and (b) as limited by their brief, from so much of an order of the same court, entered September 7, 1988, as granted the motion of the defendants Marshall Rattner, Marshall Rattner, Inc., and National Limousine Service, Inc., for summary judgment dismissing the complaint and for severance of the proceeding pursuant to CPLR article 78, and which denied their cross motion for leave to serve an amended complaint, and, *inter alia,* failed to compel further discovery, and (2) Marshall Rattner, Marshall Rattner, Inc., and National Limousine Service, Inc., cross-appeal, as limited by their brief, from so much of the order entered November 13, 1987, as denied those branches of their motion which were to dismiss the twelfth affirmative defense and for leave to file a notice of claim nunc pro tunc for damages arising, *inter alia,* from the denial of their application for site plan approval.

Ordered that the order entered November 13, 1987, is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the motion of the defendants Marshall Rattner, Marshall Rattner, Inc., and National Limousine Service, Inc., which was to dismiss the thirteenth affirmative defense is denied; and it is further,

Ordered that the order entered November 13, 1987, is affirmed insofar as cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order entered September 7, 1988, is affirmed insofar as appealed from, without costs or disbursements.

Marshall Rattner, Marshall Rattner, Inc., and National Limousine Service, Inc. (hereinafter referred to as the Rattner parties) have been involved in protracted litigation with numerous administrative officials of the Village of Pleasantville (hereinafter referred to as the Village parties) stemming from a dispute over the propriety of parking commercial limousines on a lot located in a "RO-2" Medium Density Residential/Office District in the Village of Pleasantville. Marshall Rattner, Inc. (hereinafter the Rattner corporation) is the owner of the two contiguous properties known as 409 Manville Road and 423 Manville Road. The parcel located at 409 Manville Road is improved by a commercial office building. National

Limousine Service, Inc. (hereinafter National) leased space in the office building and used the rear parking area for its limousines. Marshall Rattner is a principal shareholder of National and also operates an insurance business at 409 Manville Road. When the Rattner corporation purchased 423 Manville Road, the contract of sale gave the vendors a life tenancy in the residential home located on the parcel. Rattner proposed combining the parking area of the contiguous parcels to form a joint or common parking facility, servicing both the commercial and residential structures.

In September 1982 a site plan was submitted to the Planning Commission of the Village of Pleasantville and a revised plan to the Building Commissioner to use the unimproved portion of 423 Manville Road for the off-street parking of National's expanding fleet of commercial limousines. Rattner contended that the latter was an accessory use permitted in a "RO-2" Medium Density Residential/Office District. The then Village Building Inspector determined that the proposed use was legal and the Village Attorney concurred. Additionally, the Public Safety Commission and the Fire Department reviewed the site plan and had no objections. Nevertheless, by resolution dated December 1, 1982, the Planning Commission denied Rattner's application solely on the ground that the proposed use was in violation of the Village zoning laws. Thereafter, Marshall Rattner and the Rattner corporation commenced a proceeding pursuant to CPLR article 78 to review the Planning Commission's determination, contending that the Commission had exceeded its authority in denying the application for site plan approval. By judgment dated April 25, 1983, the court annulled the determination and remitted the matter to the Planning Commission for further proceedings upon finding that the Commission had denied the application on an improper basis. The court noted that the Commission had usurped the function of the Building Inspector (an administrative official charged with enforcement of the local zoning laws) and the Zoning Board of Appeals (the board vested with exclusive power to interpret the provisions of the Village zoning law). This judgment was subsequently affirmed by this court (Rattner v Planning Commn., 103 AD2d 826).

On May 19, 1983, the Village Board of Trustees adopted a resolution directing the Village Attorney to prepare an application to the Zoning Board of Appeals to review the former Building Inspector's determination that the use was legal. The Planning Commission, acting independently, adopted a similar resolution on June 1, 1983.

On June 30, 1983, Marshall Rattner and Marshall Rattner, Inc., commenced matter No. 1, a proceeding pursuant to CPLR article 78, to compel the Planning Commission to approve the site plan. That proceeding was consolidated with matter No. 2, an action for a judgment declaring that the use of 423 Manville Road was illegal and constituted a nuisance.

On May 30, 1984, the Village Board of Trustees and the Planning Commission filed their respective administrative appeals with the Village Zoning Board of Appeals to review the former Building Inspector's determination that the parking of commercial limousines on 423 Manville Road was a permitted use. In response, the Rattner parties instituted a third proceeding pursuant to CPLR article 78 against the Village Zoning Board of Appeals, the Village Board of Trustees and the Planning Commission, *inter alia,* to prohibit the Zoning Board of Appeals from hearing the administrative appeals on the ground that they were untimely. While this proceeding was pending, and following the death of the residential tenant, by deed dated March 7, 1985, the two parcels were merged and the residence was demolished in July 1985 pursuant to a valid permit. By judgment dated August 29, 1985, the Supreme Court, Westchester County (Jiudice, J.), granted the relief requested in the Rattner parties' petition, holding that the administrative appeals were untimely and that the Zoning Board of Appeals was without jurisdiction to hear them. The judgment "estopped" the Board of Trustees and the Planning Commission from prosecuting the administrative appeals and prohibited the Zoning Board of Appeals from hearing them.

The Rattner parties then served a "supplemental answer," dated January 17, 1986, in matter No. 2. In the supplemental answer, the Rattner parties counterclaimed to recover compensatory and punitive damages, *inter alia,* for alleged tortious acts and violations of their civil and constitutional rights. The Village parties served a reply to the counterclaims, setting forth 16 affirmative defenses. Only the twelfth and thirteenth affirmative defenses are at issue on this appeal. Since the Rattner parties had filed only one notice of claim on November 18, 1983, the twelfth affirmative defense asserted that the maintenance of the counterclaims, insofar as predicated upon any tortious or wrongful acts allegedly committed more than 90 days prior to November 18, 1983, were barred by noncompliance with the notice of claim requirements of the General Municipal Law, which requires, as a condition precedent to maintaining an action against a public corporation,

the serving of a notice of claim within 90 days after the claim arose. The thirteenth affirmative defense seeks to bar the maintenance of the counterclaims insofar as they are based upon any tortious or wrongful acts committed after November 18, 1983.

In the order appealed from entered November 13, 1987, the court granted that branch of the Rattner parties' motion which was to strike the thirteenth affirmative defense and denied those branches of the Rattner parties' motion which were to dismiss the twelfth affirmative defense and for leave to serve a notice of claim nunc pro tunc. In declining to dismiss the twelfth affirmative defense, the court noted that it could not ascertain at this stage of the litigation the accrual dates of causes of action asserted in the Rattner parties' counterclaims, because the pleadings alleged a continuing course of wrongful acts by the Village parties, forming a pattern of harassment, which, taken together, purportedly amounted to a deprivation of the Rattner parties' civil rights. The court then stated that "the Village parties shall be permitted to prove that any incidents occurring prior to the 90 day period was *[sic]* so violative of the Rattner parties' rights that it required the filing of a notice of claim to permit recovery".

Contrary to the Village parties' assertions on appeal, the court did not misstate any material facts. However, it did err in dismissing the thirteenth affirmative defense. The service of a notice of claim is a condition precedent to the maintenance of an action against a public corporation to recover damages for a tortious or wrongful act. The failure to serve a notice of claim is fatal to the maintenance of such an action *(see, 423 S. Salina St. v City of Syracuse,* 68 NY2d 474, *cert denied* 481 US 1008; *O'Brien v City of Syracuse,* 54 NY2d 353; *Mojica v New York City Tr. Auth.,* 117 AD2d 722). Here, it is undisputed that the only notice of claim was served on November 18, 1983. Other documents relied upon by the Rattner parties as constituting valid notices of claim are legally insufficient substitutes *(see, e.g. Davidson v Bronx Mun. Hosp.,* 64 NY2d 59; *Pretino v Wolbern,* 84 AD2d 830). We recognize that compliance with the notice of claim requirements of General Municipal Law § 50-e is not necessary to recover for alleged violations of a party's civil rights under 42 USC § 1983 *(see, Felder v Casey,* 487 US 131), or where an action is brought in equity to restrain a continuing act and the demand for money damages is merely incidental to the requested injunctive relief *(Rand v City of New York,* 47 AD2d 937). However, in addition

to the civil rights counterclaims, the Rattner parties are also seeking monetary damages for tortious and wrongful acts which require compliance with the notice of claim statute. Since the Rattner parties only filed one valid notice of claim on November 18, 1983, any recovery under the counterclaims sounding in tort must be limited to acts complained of during the 90 days immediately preceding November 18, 1983. Consequently, the Village's thirteenth affirmative defense is hereby reinstated.

We further note that the burden of pleading and proving compliance with the notice of claim requirement is on the Rattner parties (see, Nicholas v City of New York, 130 AD2d 470). Although the court properly denied that branch of the Rattner parties' motion which was to dismiss the twelfth affirmative defense, it erroneously shifted the burden of proof by stating that the Village parties had the burden of demonstrating that the Rattner parties were required to file a notice of claim for wrongful and tortious acts which occurred more than 90 days prior to the November 18, 1983, notice of claim.

Additionally, we find no merit to the Rattner parties' argument that no notice of claim is required as to the named individual Village parties, since it is clear that the counterclaims were brought against them in their official capacities. Nor did the court err in denying that branch of the Rattner parties' motion which was for leave to serve a notice of claim nunc pro tunc. The application was made over 3½ years after the commencement of the Village's declaratory judgment action and well in excess of the 1-year-and-90-day Statute of Limitations for commencing suit against the Village parties. The proposed notice of claim included allegedly tortious and wrongful acts committed in 1982 and, thus, was clearly untimely (see, 423 S. Salina St. v City of Syracuse, supra; Pierson v City of New York, 56 NY2d 950; Kral v County of Westchester, 101 AD2d 880).

Regarding the order entered September 7, 1988, the court properly invoked the four-month Statute of Limitations period applicable to proceedings pursuant to CPLR article 78 in finding the Village parties' complaint for declaratory relief was time barred. In order to determine the Statute of Limitations applicable to a particular declaratory judgment action, the court must "examine the substance of that action to identify the relationship out of which the claim arises and the relief sought" (Solnick v Whalen, 49 NY2d 224, 229). If the underlying dispute could have been resolved through a form of action or proceeding for which a specific limitation period is

statutorily provided, that limitation period governs the declaratory judgment action *(see, Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 202). Regardless of the form in which the Village parties have chosen to couch their action, they primarily seek review of the propriety of the former Building Inspector's determination that the parking of commercial limousines on the subject property was a permitted use. As such, the Village parties' cause of action for judicial review of an adverse administrative determination was maintainable in a proceeding pursuant to CPLR article 78 (CPLR 7803 [3]; *see, e.g. Solnick v Whalen, supra),* after first exhausting their administrative remedies *(see, Matter of Gershowitz v Planning Bd.,* 52 NY2d 763; *Steinberg v Sea Gate Assn.,* 118 AD2d 558; *Meyermac Elmhurst v Esnard,* 111 AD2d 789). Judicial intervention is barred by the Village parties' failure to pursue their administrative remedies by timely bringing an administrative appeal of the Building Inspector's determination with the Zoning Board of Appeals, resulting in the judgment dated August 29, 1985 (Jiudice, J.), which precluded such review, and failing to seek judicial review within the applicable four-month period of limitations.

Furthermore, the doctrine of res judicata forecloses the Village parties from further litigating the issue of the propriety of the Rattner parties' use of the subject premises. Since the judgment dated August 29, 1985 barred the Village parties from seeking administrative review of the Building Inspector's determination *(see, Rattner v Planning Commn.,* 103 AD2d 820, *supra)* that parking commercial limousines was a permitted accessory use in a "RO-2" Medium Density Residential/Office District, the propriety of the proposed use was previously resolved in favor of the Rattner parties. That previous resolution of the question is entitled to res judicata effect.

In any event, we find that the Village ordinance in question fails to define off-street parking and is unduly vague as to permitted accessory uses *(see,* Village of Pleasantville Code § 30.31 [B]). Since the ordinance must be construed against the Village and any ambiguity construed in favor of the property owner, we conclude that the granting of summary judgment dismissing the action was proper *(see, Town of Huntington v Barracuda Transp. Co.,* 80 AD2d 555). We additionally note that the allegations in the Village parties' complaint fail to state a cause of action asserting a public nuisance. A public nuisance must "consist of conduct or omissions which offend, interfere with or cause damage to the public in the exercise of

rights common to all * * * in a manner such as to offend public morals, interfere with use by the public of a public place or endanger or injure the property, health, safety or comfort of a considerable number of persons" *(Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 568). The court correctly held that the complaint does not satisfy this standard.

While leave should be given freely to amend pleadings *(see,* CPLR 3025 [b]; *Matter of Schilling v Dunne,* 119 AD2d 179), in the instant case, we hold that it was not an improvident exercise of discretion for the court to deny the Village parties leave to serve an amended complaint, as this would only have further delayed the proceedings and prejudiced the Rattner parties *(see, Goldmills Farms v Senk,* 129 AD2d 556). Additionally, we find that severance was properly granted under CPLR 603, as the civil rights counterclaims would involve a trial on the merits whereas the proceeding pursuant to CPLR article 78 could be quickly determined. In view of the pattern of harassment of the Rattner parties by the Village parties, it cannot be said that it was an improvident exercise of discretion to sever the two matters so that the article 78 proceeding could be expeditiously decided. Further, as to the counterclaims of civil rights violations, there is only a limited identity of issues as to the propriety of the use of the property.

With respect to discovery demands, we find that the Rattner parties were not under a duty to answer the Village's interrogatories since there was a stay of discovery when the interrogatories were served and the Village should have submitted new interrogatories when the stay of discovery was terminated by the determination of the CPLR 3212 motion *(see,* CPLR 3214; *Rappaport v Blank,* 99 Misc 2d 1020, *revd on other grounds* 72 AD2d 717). As the Village parties have virtually conceded that the Rattner parties furnished all the documents required with the exception of the personal tax returns of Marshall Rattner, and the Rattner parties have asserted that the other items sought to be produced are not in existence, there is no basis to conclude that the Rattner parties have been negligent in supplying requested documents. As Marshall Rattner is neither self-employed, nor is he seeking recovery for lost wages, and all information as to loss of investment may be gleaned from the corporate tax returns, admittedly furnished, it cannot be said that the Rattner parties have failed to comply with disclosure requests *(see, Lane v D'Angelos,* 108 AD2d 727).

As a court has the power to schedule its calendar and set timetables for discovery *(see,* CPLR 3103 [a]; *Dunsmore v*

*Paprin,* 114 AD2d 836; *Travelers Ins. Co. v New York Yankees,* 102 AD2d 851), the court did not improvidently exercise its discretion in setting a timetable to conclude this seemingly interminable litigation so that this matter might expeditiously proceed to trial and an ultimate resolution on the merits. Further, sanctions were properly denied to the Village parties as it appears that their dilatory tactics and not the actions of the Rattner parties are responsible for these unnecessarily protracted proceedings. We strongly condemn this superfluous litigation and urge the parties to resolve this matter on the merits in a timely fashion. Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.