■ FOREST PARK ASSOCIATES LIMITED PARTNERSHIP, Respondent, v HERMAN I. KRAUS, Appellant and Third-Party Plaintiff-Appellant. HERBERT T. WEINSTEIN, Third-Party Defendant-Respondent.—Judgment of the Supreme Court, New York County (Edward H. Lehner, J.), entered February 13, 1991, which denied defendant's motion to disqualify Proskauer Rose Goetz & Mendelsohn as counsel for plaintiff and third-party defendant, unanimously reversed, on the law, and the motion granted, with costs.

Proskauer Rose Goetz & Mendelsohn ("Proskauer") was retained by defendant Herman I. Kraus to represent him and Kraus Enterprises, Inc. in connection with the conversion to cooperative ownership of Hampton Court, a Queens apartment complex, and other properties. Plaintiff Forest Park Associates Limited Partnership ("Forest Park") was formed to enable partners of Proskauer to acquire a 25-percent interest in the sponsor of the conversion, Hampton Court Associates Limited Partnership ("HCA"). Third-party defendant Herbert T. Weinstein, a partner in Proskauer, is the general partner of Forest Park and 48 other Proskauer partners are the limited part-

ners. Forest Park, in turn, holds a 25-percent interest in HCA, in which Kraus is the general partner. Proskauer represented the sponsor, HCA, and its constituent partners, Forest Park and Kraus, as co-counsel in connection with the filing of an offering plan with the Attorney-General's Office. The other co-counsel on the conversion was the law firm of Kraus and Kraus, in which defendant is a named partner.

In dispute in the underlying action is the priority to be accorded to competing financial obligations of Forest Park and HCA. Kraus charges that Proskauer placed its interest in Forest Park ahead of his own by drafting a series of letter agreements which protected the interests of the Proskauer partners in Forest Park at the expense of Kraus and HCA. One letter agreement provides that proceeds from the sale of cooperative units will be paid to Forest Park instead of being applied, in major part, to pay a mortgage obligation of HCA to Crossland Savings Bank FSB, in accordance with the terms of the mortgage instrument. The letter agreement dated December 30, 1989, which forms the basis of Forest Park's action against Kraus, contains his personal guarantee of a loan obtained by Forest Park from Chemical Bank in the principal amount of $975,000. Kraus alleges in his counterclaim that the various letter agreements were obtained by means of fraud, duress and undue influence. Upon the subject motion to disqualify Proskauer as counsel in this action, Kraus expresses concern that information obtained by Proskauer in its representation of his interest in the cooperative conversion will be used to his disadvantage.

Despite Proskauer's attempt to distinguish its situation, this court declines to deviate from the clear rule enunciated in *Cooke v Laidlaw Adams & Peck* (126 AD2d 453, 456) in which we stated: "An attorney traditionally has been prohibited from representing a party in a lawsuit where an opposing party is the attorney's former client *(Greene v Greene,* 47 NY2d 447). This is consistent with the long-established ethical standards in the practice of law which impose a continuing obligation upon a lawyer to preserve the confidences and secrets of this client even after the termination of his employment and which forbid the subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed *(Cardinale v Golinello,* 43 NY2d 288, 295). Where, as here, a former client of an opposing party's attorney seeks disqualification of the attorney, such relief will be granted where the party seeking disqualification establishes a

substantial relationship between the issues in the litigation and the subject matter of the prior representation, or where counsel had access to confidential material substantially related to the litigation. *(Saftler v Government Employees Ins. Co.,* 95 AD2d 54, 57, and cases cited therein.)"

Proskauer maintains that its representation of Kraus did not give it access to confidential information, at least nothing that Kraus should not have expected to be communicated to Proskauer partners having a financial stake in the cooperative conversion as limited partners of Forest Park. However, given the obvious relationship between the conversion and the subject matter of the instant lawsuit, the issue of confidentiality is of no moment. As we went on to emphasize in *Cooke v Laidlaw Adams & Peck (supra,* at 456-457): "Where the lawyer, or the firm, has represented the former client in matters related to the subject matter of the current proceeding, that alone would be sufficient to warrant disqualification irrespective of whether or not the lawyer in fact obtained any confidential information in the course of the prior employment. Disqualification of the attorney under such circumstances flows from the continuing sensitive nature of the attorney-client relationship and the ethical considerations which dictate that 'the first client is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced in consequence of representation of the opposing litigant by the client's former attorney'. *(Cardinale v Golinello, supra,* at p 296; *Saftler v Government Employees Ins. Co., supra,* at p 57.)"

We note, in this regard, that the Code of Professional Responsibility places the burden upon counsel, irrespective of the sophistication of the client, to obtain his consent after full disclosure before entering into a business transaction, such as the one in issue, where the differing interests of counsel and the client may interfere with the exercise of professional judgment for the client's protection (DR 5-104 [A]). Similar considerations govern the acceptance of proffered employment likely to involve counsel in the representation of interests adverse to his client (DR 5-105 [A], [C], [D]).

In view of our disposition on this question, it is unnecessary to reach the other arguments advanced by Kraus in support of Proskauer's disqualification. Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.