■ SHELDON H. SOLOW et al., Respondents, v W.R. GRACE & COMPANY, Appellant. [597 NYS2d 361] —Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about September 4, 1992, which denied defendant's motion to disqualify the law firm of Stroock & Stroock & Lavan from representing plaintiff in this action, reversed, on the law, and the motion granted, without costs.

Plaintiffs, owners of the premises at 9 West 57th Street, commenced this action seeking damages for asbestos contamination resulting from the use of fireproofing material manufactured by defendant Grace in the construction of the building. In 1992, some five years after the inception of the action, lead counsel Julien & Schlesinger, P. C. brought in the firm of Stroock & Stroock & Lavan (Stroock) to assist in the representation of plaintiff. Defendant promptly moved to disqualify Stroock on the ground that the firm had represented Grace in a previous action entitled *City of Enterprise v Grace & Co.,* also involving the contamination of premises by asbestos (in that case, a school).

It is undisputed that Stroock was retained in the *Enterprise* matter by outside counsel, furnished by Grace's insurer to defend the action. Of the three attorneys at Stroock involved in that litigation, two had left the firm prior to its engagement in the instant matter and the third, whose task was to conduct extensive general research into the effects of asbestos, had only a remote involvement with the action. (Only one-half hour of this research time was billed to Grace.)

In a lengthy decision, Supreme Court denied defendant's motion to disqualify Stroock. Consistent with the ruling of the Second Circuit Court of Appeals in *Silver Chrysler Plymouth v Chrysler Motors Corp.* (518 F2d 751) and with the Model Rules of Professional Conduct of the American Bar Association, particularly rule 1.10 (b), the court held that disqualification of a law firm is required only where the new litigation bears a substantial relationship to its prior representation of the client *and* a lawyer remaining at the firm had access to the client's confidences. Because no remaining attorney at Stroock was privy to Grace's confidences, the court concluded that disqualification was not mandated. That Stroock still maintained the *Enterprise* file was held to be of no moment since the file could be "sealed" and turned over to Grace's counsel.

The authority relied upon by Supreme Court is at variance with the law of this State and is not controlling. This matter is governed by Code of Professional Responsibility DR 5-108

(A) (22 NYCRR 1200.27 [a]) which provides, insofar as is relevant:

"Except with the consent of a former client after full disclosure a lawyer who has represented the former client in a matter shall not:

"(1) Thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client."

If the bar to representation applies to one lawyer, it applies to all attorneys in the firm *(Cardinale v Golinello,* 43 NY2d 288). The question of confidentiality is not controlling *(Forest Park Assocs. Ltd. Partnership v Kraus,* 175 AD2d 60, 62; *see also, Cooke v Laidlaw Adams & Peck,* 126 AD2d 453, 456). As the Court of Appeals observed in *Cardinale (supra,* at 295-296): "The limitation arises simply from the fact that the lawyer, or the firm with which he was then associated, represented the former client in matters related to the subject matter of the second representation. Accordingly, it is no answer that the lawyer did not in fact obtain any confidential information in connection with the first employment, or even that it was only other members of his firm who rendered the services to the client. Irrespective of any actual detriment, the first client is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced in consequence of representation of the opposing litigant by the client's former attorney" *(see also, Thomson U.S. v Gosnell,* 181 AD2d 558, *lv dismissed* 80 NY2d 893).

There is no question that Stroock formerly represented Grace in litigation involving substantially related subject matter. It appears that the number of attorneys at Stroock working on asbestos cases was relatively small, and the distinct possibility that confidences may have been shared cannot be discounted. Nor can the preparation of the medical expert witness in the earlier litigation be regarded, as plaintiffs maintain, as such an insubstantial involvement in that case to avoid even the appearance of impropriety. Accordingly, the firm is barred from representing Grace's adversaries in this action. Concur—Carro, J. P., Wallach, Kassal and Rubin, JJ.

Ellerin, J., dissents and would affirm for the reasons stated by Baer, J.