OPINION OF THE COURT
Richard F. Braun, J.
Plaintiff asserts four causes of action: "breach of bailment”, breach of contract, gross negligence, and misrepresentation. Defendant moves to preclude plaintiff from obtaining a default judgment; declare defendant’s answer sufficient in form, or permit defendant to amend the form of its answer; disqualify plaintiff’s attorney of record, as well as Randy A. Dusek and Laurie Dusek; and impose sanctions or refer this matter to the Departmental Disciplinary Committee. At oral argument of this motion, the branch of the motion seeking sanctions was withdrawn.
Defendant’s original answer did not have the proper line spacing. Plaintiff’s attorney purportedly rejected the answer soon after its receipt. Shortly thereafter, defendant’s attorney served plaintiff’s attorney with a correctly formatted answer. Plaintiff’s reliance on Uniform Rules for Trial Courts (22 NYCRR) § 202.5 as to the answer’s format is misplaced. That provision applies only in the Supreme Court and County Court. The similar provision that applies in this court is Uniform Rules for Trial Courts (22 NYCRR) § 208.4. Unless plaintiff objected to the defect in form within two days of receipt of the answer, the defect was waived (CPLR 2101 [f]). Said two-day period can be extended under CPLR 2004 (Ft. Holding Corp. v Otero, 157 Misc 2d 834, 836 [Civ Ct, NY County 1993]), but no request to extend the period was made here. However, it is not clear from the record whether plaintiff exceeded the two-day period. Even if plaintiff did not, this court will disregard the technical defect in the form of the answer, pursuant to CPLR 2001 and 2101 (f), because no substantial right of plaintiff has been prejudiced. "[T]here is a strong preference in our law that matters be decided on the merits in the absence of demonstrable prejudice” (citations omitted) (Elemery Corp. v 773 Assocs., 168 AD2d 246, 247 [1st Dept 1990]). If this court were not disregarding the defect, then it would give defendant leave to amend the form of its answer, for the same reason that it is disregarding the defect. Therefore, defendant is not in default, and plaintiff may not obtain a default judgment.
As to the motion to disqualify, this does not appear to be a *220 situation where defendant’s counsel has made the motion in bad faith for tactical purposes (Matter of Tsang, NYLJ, July 27, 1992, at 22, col 4 [Sup Ct, NY County, Nardelli, J.]). Defendant’s counsel has raised serious issues that could merit disqualification of counsel.
"Disqualification of counsel rests in the sound discretion of the court” (citation omitted). (Hirschfeld v Stahl, 194 AD2d 388 [1st Dept 1993].) Because disqualification denies a party the attorney(s) of its choice, the remedy should be carefully applied (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443 [1987]). If one attorney in a firm is disqualified from a subsequent representation, then all the attorneys of the firm must be disqualified (Cardinale v Golinello, 43 NY2d 288, 295 [1977]). Attorneys are "strictly forbidden from placing themselves in a position where they must advance, or even appear to advance, conflicting interests” (citations omitted). (Greene v Greene, 47 NY2d 447, 451 [1979].) A reasonable possibility of disclosure of confidential information is enough to lead to disqualification of an attorney (Greene v Greene, supra, at 453). Disqualification will be awarded "where the party seeking disqualification establishes a substantial relationship between the issues in the litigation and the subject matter of the prior representation, or where counsel had access to confidential material substantially related to the litigation” (citation omitted) (Forest Park Assocs. Ltd. Partnership v Kraus, 175 AD2d 60, 61-62 [1st Dept 1991]).
Both tests of Forest Park Assocs. Ltd. Partnership v Kraus (supra) apply to the behavior of Randy A. Dusek. Just because he is not the attorney of record that does not mean that he cannot be disqualified, under the special circumstances found here (cf., Nichols v Village Voice, 99 Misc 2d 822, 824 [Sup Ct, NY County 1979] [where the court stated that disqualification of an attorney due to a conflict of interest will not be denied only because the parties do not have an actual attorney-client relationship]). In fact, Mr. Dusek states that he is general counsel to plaintiff, requests that the court assume for purposes of this motion that he is plaintiff’s attorney of record, and even intimates that he may become plaintiff’s attorney of record by stating parenthetically: "should I substitute back as counsel for plaintiff”. The attorney of record for plaintiff falls under the second prong of Forest Park Assocs. Ltd. Partnership v Kraus.
The more serious allegations by defendant’s counsel are made against Randy A. Dusek. The former states that Mr. *221 Dusek was representing both plaintiff and defendant at the same time while participating in negotiations to settle this action. Furthermore, he contends that Mr. Dusek was representing defendant here in another action, Epic Sec. Corp. v Banco Popular, in which the issues were substantially similar to the issues in this action, and that defendant imparted confidential information to Mr. Dusek. Defendant’s counsel states that Mr. Dusek said that he, and not plaintiff’s counsel of record, would make the ultimate determination as to whether plaintiff would settle this action. An employee of the attorney for defendant asserts that, when attempting to deliver papers to plaintiff’s attorney of record, Mr. Dusek forbade plaintiff’s attorney of record from signing for them, and Mr. Dusek stated that no one else would do so either.
In a letter to defendant’s president dated before this action commenced, Mr. Dusek stated that he turned over the representation of plaintiff in the matter that is the subject of this action to the lawyer who later became plaintiff’s attorney of record, that the latter might become a subtenant in the law office of Mr. Dusek and his partner, and that Mr. Dusek would not discuss this case with the attorney who subsequently became counsel of record for plaintiff. Defendant’s attorney asserts that thereafter "Mr. Dusek not only had discussions with regard to the matter with [plaintiff’s attorney of record], but that he also played a role in formulating strategy and litigating this matter on behalf of [plaintiff].” Plaintiff’s attorney of record did move into Mr. Dusek’s office. Defendant’s attorney points out that Mr. Dusek and plaintiff’s attorney of record share the same telephone number for facsimile transmissions and that their letters both have "hs” where the typist would put his or her initials and concludes that they share the same typist.
Furthermore, defendant’s counsel emphasizes that plaintiff’s attorney of record uses the same phraseology, words, and format in parts of the complaint in this action as does Mr. Dusek in the complaint in Epic Sec. Corp. v Banco Popular. Defendant’s attorney points out that he was served with a copy of an order in this action that came in an envelope with Mr. Dusek’s return address, not that of the attorney of record for plaintiff. Further, Mr. Dusek was the notary public on an affidavit submitted in this action and signed by plaintiff’s attorney of record. In addition, this motion was not orally argued by the latter, but by Randy A. Dusek, purportedly of counsel to the attorney of record for plaintiff, and Mr. Dusek *222 submits in opposition to the motion not only his affidavit but also a memorandum of law in his own name.
The executive vice-president of defendant avers that as far as he knows Epic Sec. Corp. v Banco Popular is still pending, and that this action and that action involve very similar issues. He alleges that Mr. Dusek also represented defendant on other "less related” matters. He says that Mr. Dusek assured defendant, before this action was commenced, that he would not represent plaintiff in an action against defendant and that he would not disclose defendant’s secrets or violate its confidences. The vice-president states that Mr. Dusek obtained confidences about defendant’s policies and procedures that are specifically related to this action, and that defendant is concerned that Mr. Dusek has betrayed defendant’s confidences by sharing with plaintiffs counsel of record privileged communications, and may do so again. He further asserts that in various conversations Mr. Dusek discussed both Epic Sec. Corp. v Banco Popular and settlement of this action.
Mr. Dusek counters that plaintiff retained him long before defendant did. He states that he is no longer working for defendant here on Epic Sec. Corp. v Banco Popular and that he told defendant to take the file from his office. He maintains that there are no material issues in any prior action in which he represented defendant that are similar to the issues in this action. He accounts for the similarities between the complaint in this action and the one in Epic Sec. Corp. v Banco Popular as being due to his having helped the attorney of record for plaintiff enter Mr. Dusek’s forms into the farmer’s computer. He explains that "hs” means himself or herself when a person does his or her own typing. Finally, he categorically denies having been privy to any confidences of defendant. Plaintiffs attorney of record supports Mr. Dusek by stating that Mr. Dusek imparted no confidences to him.
Given the contentions of the parties, there are questions of fact here that require a hearing, including whether Randy A. Dusek obtained any confidential material from defendant which is substantially related to this action; if so, whether he imparted any such material to plaintiffs attorney of record; whether plaintiffs attorney of record and Mr. Dusek are actually engaged in practice together as a firm; whether Epic Sec. Corp. v Banco Popular is still pending; if so, whether Mr. Dusek still represents defendant here in that action; whether there are facts underlying the issues of this litigation and those in Epic Sec. Corp. v Banco Popular which are substan *223 tially related; and, whether Mr. Dusek is de facto attorney for plaintiff in this action. Therefore, the motion to disqualify plaintiff’s attorney of record and Randy A. Dusek must await the determination of issues of fact at a hearing, pursuant to CPLR 2218. As to Laurie Dusek, there is no showing that her involvement in this action has been anything but peripheral, that she is an attorney, or that she has any relationship as part of a law firm with plaintiff’s attorney of record or Randy A. Dusek.
Finally, the level of acrimony among the three counsel in this action is abominable and unnecessary. All should be capable of behaving in a professional manner. Attorneys should be able to conduct themselves responsibly and maturely. Rather than acting in the way that they have, where appropriate, referrals should be made to the relevant Departmental Disciplinary Committee and/or the District Attorney’s office based on any violations of the Code of Professional Responsibility and/or Penal Law.* The disposition of the balance of the motion, including any appropriate referrals by the court, shall await the conclusion of the hearing.

 Plaintiffs attorney of record states that he already has made a complaint to the Departmental Disciplinary Committee due to defendant’s counsel’s having sent to plaintiff a copy of a letter to plaintiffs attorney of record without the latter’s permission. Defendant’s attorney accuses Randy A. Dusek of the same behavior in that the latter sent defendant here a copy of a letter as to this matter, and defendant’s attorney accuses the attorney of record for plaintiff of perjury. Mr. Dusek also made accusations that defendant’s president and executive vice-president were lying in their papers.