■ TEKNI-PLEX, INC., Respondent, v MEYNER AND LANDIS, Appellant. TEKNI-PLEX, INC., Respondent, v TOM Y.C. TANG, Appellant. [632 NYS2d 565] —Order, Supreme Court, New York County (Herman Cahn, J.), entered May 2, 1995, which, in the "1st Action", granted plaintiff's motion to disqualify defendant law firm from representing defendant in the "2nd Action" in an arbitration pending before the American Arbitration Association in New York City, with related injunctive relief, and order, same court and Justice, entered May 3, 1995, which, in the 2nd Action, granted plaintiff similar relief, unanimously affirmed, without costs.

The IAS Court correctly applied New York law, since New York has the stronger interest in the conduct of counsel in a New York forum (*see, Padula v Lilarn Props. Corp.*, 84 NY2d 519, 522; *Biderman Indus. Licensing v Avmar N. V.*, 173 AD2d 401). Disqualification is warranted because a substantial relationship exists between the subject of counsel's prior representation and the instant matter (*Forest Park Assocs. Ltd. Partnership v Kraus*, 175 AD2d 60, 61-62), and a corporation's right to assert its attorney-client privilege cannot be waived by former principals (*Commodity Futures Trading Commn. v Weintraub*, 471 US 343, 349). Accordingly, defendant law firm's former representation of plaintiff, which also involved substantial services to the individual who sold his stock to plaintiff's present principals, concerning matters directly involved in the underlying arbitration, precludes the firm's representation of the former shareholder in the arbitration (*see, Thomson U.S. v Gosnell*, 181 AD2d 558, 560, *lv dismissed* 80 NY2d 893). Concur— Kupferman, J. P., Asch, Williams and Tom, JJ.