829 POST, LLC, et al., Appellants, v TOWN OF EASTCHES-
TER, Respondent. [868 NYS2d 907]—

The plaintiffs, who took title to the subject property in 1991, allege that the defendant Town of Eastchester, by constructing a parking lot in 1974 on a portion of the property leased by the Town, "wrongfully deprived [them] of the use and occupancy of the premises." The plaintiffs do not seek to recover possession of the premises; they seek $250,000 in damages for the Town's allegedly unauthorized use of the premises and the return of $98,000 in taxes that they claim to have paid with respect to the property used by the Town. The Supreme Court granted the Town's motion for summary judgment dismissing the complaint. We affirm.

The plaintiffs' request for damages allegedly incurred as a result of the Town's alleged unauthorized use of their property sounds in trespass (*see Ward v City of New York*, 15 AD3d 392, 393 [2005]; *Kaplan v Incorporated Vil. of Lynbrook*, 12 AD3d 410, 412 [2004]; *Zimmerman v Carmack*, 292 AD2d 601, 602 [2002]). Notice of such a claim against a town is required by General Municipal Law § 50-i (*see Rand v City of New York*, 47 AD2d 937 [1975]). Since the plaintiffs filed no such notice of claim, their complaint was properly dismissed with respect thereto (*see Souza v Town of Ossining*, 285 AD2d 543, 544 [2001]).

Any portion of the plaintiffs' claim that does not fall within

the notice requirement of General Municipal Law § 50-i was properly dismissed on the merits. The plaintiffs do not dispute that proper record notice was provided of the Town's leasehold interest with respect to the premises. The plaintiffs, who took title to the property with such notice, cannot complain of the Town's occupancy of the premises (*see Andy Assoc. v Bankers Trust Co.*, 49 NY2d 13, 24 [1979]; *Bank of N.Y., Albany v Hirschfeld*, 37 NY2d 501, 506 [1975]; *Washington Temple Church of God in Christ, Inc. v Global Props. & Assoc., Inc.*, 55 AD3d 727 [2008]).

The plaintiffs' remaining contentions are without merit. Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur.