■ JEROME P. EDELMAN, as Administrator, Respondent, v. JEROME LEVY, Appellant, et al., Defendants.— In a consolidated action to recover damages for wrongful death and conscious pain and suffering, founded upon alleged medical malpractice, defendant Levy appeals from an order of the Supreme Court, Queens County, entered March 9, 1973, which denied his motion to disqualify plaintiff's attorneys from acting in the case. Order reversed, and motion granted, without costs. Plaintiff's decedent, Eileen Edelman, died on November 25, 1967, allegedly as a result of the failure of appellant, a physician, to properly diagnose and treat an ectopic pregnancy. The first of these two consolidated actions was brought against appellant in June of 1968, with the law firm in question representing plaintiff, the administrator of the decedent's estate. The Professional Insurance Company, a liability insurance company specializing in medical malpractice insurance, retained the services of the law firm of Turkewitz & Tessel for appellant, whom the company insured. The latter law firm then proceeded to represent appellant during the pretrial examination and was still counsel of record when the case was placed on the trial calendar. All during this time appellant confided in that law firm and gave it full access to all information which he possessed. In March of 1972, while the case against appellant was still pending, that firm dissolved and Bernard Turkewitz, a partner therein, became associated with the law firm representing plaintiff. The motion to disqualify plaintiff's attorneys, on the ground that there is an appearance of a conflict of interest, was brought on by order to show cause dated January 18, 1973. Plaintiff's attorneys deny the existence of any conflict of interest and, in opposition to the motion, present, among others, the affidavit of Bernard Turkewitz to the effect that he personally was not involved with the case against appellant when his firm represented appellant and has not been connected with the case while employed with plaintiff's attorneys. Appellant's attorney points to the fact that the name of Bernard Turkewitz appears on a subpoena dated January 3, 1973, which was served on appellant to compel his appearance at the trial. Plaintiff's attorneys in reply point to the affidavit of their process server, who affirms that he erroneously placed Turkewitz's name on this subpoena. In our opinion appellant's motion should have been granted. An attorney must avoid not only the fact, but even the appearance, of representing conflicting interests (*Matter of Kelly*, 23 N Y 2d 368, 375–376). Martuscello, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.