*292 OPINION OF THE COURT
Jones, J.
There was no abuse of discretion when the courts below held that appellants’ counsel were disqualified from further representing appellants because of an impermissible conflict of interest.
The question of attorney disqualification which is the subject of the present appeal was raised by defendant Golinello’s motion to disqualify plaintiffs’ attorneys from representing them in this action. The underlying litigation between the clients had its genesis in the purchase by defendant Golinello of the capital stock of Cross County Sanitation Corp., a company engaged in the refuse hauling business. The contract of sale was signed on January 21, 1972, and the closing took place on February 4, 1972. Golinello was represented in the transaction by John Somers, Esq., of Halperin, Somers & Goldstick, P. C.
Charles P. Schiller, an attorney, was thereafter employed by Halperin, Somers & Goldstick, P. C., from February 14 to December 29, 1972. During this period Mr. Somers and Halperin, Somers & Goldstick, P. C., continued to do legal work for Golinello. It is not asserted that at any time Mr. Schiller personally rendered legal services on Golinello’s behalf. It does appear, however, that Halperin, Somers & Goldstick, P. C., was a small firm whose activities were characterized by an understandable informality and in which it is asserted that there was a "constant cross-pollination going on” and a "cross current of discussion and ideas” among all attorneys on all matters which the firm handled. Separate offices were not physically isolated; the conference room and all firm files were open and available to all lawyers in the firm, including Mr. Schiller.
On April 10, 1975 plaintiffs retained the firm of King & King to represent them in connection with claims against Golinello, Somers, and Somers, Goldstick & Weinberger, P. C. (successor to Halperin, Somers & Goldstick, P. C.), arising out of the 1972 sale of the Cross County stock and transactions subsequent thereto. In July, 1975 Mr. Schiller rented space in the office of King & King which firm thereafter referred legal matters to Mr. Schiller on an "of counsel” basis. In August, King & King, "with the knowledge and consent of the plain *293 tiffs”, requested Mr. Schiller to handle the litigation of plaintiffs’ claims against defendants.
In the fall of 1975 Mr. Schiller appears to have participated in the preparation of the summons and complaint in the present action which were served on December 11, 1975.[1] Defendants promptly served a demand for a bill of particulars. They first learned of Mr. Schiller’s participation in the litigation when the papers on plaintiffs’ motion for a protective order were forwarded by Mr. Schiller to defendants’ counsel on December 23, 1975 and it appeared that the affidavit in support of the motion had been made by him. On January 22, 1976 defendant Golinello moved to disqualify Mr. Schiller and the firm of King & King from further representation of plaintiffs. Mr. Schiller and Martin J. King submitted affidavits in opposition to the motion for disqualification. It appears that Mr. Schiller requested a formal opinion from the Westchester County Bar Association as to the ethical propriety of his continued representation of plaintiffs, but that such request was properly denied on the ground that the issue was then in litigation.
On June 15, 1976 Special Term granted defendant’s motion and ordered that Mr. Schiller and King & King be disqualified from further representation of plaintiffs in this action. On January 3, 1977 the Appellate Division affirmed, by a divided court. An appeal from the order of the Appellate Division is now before us pursuant to leave granted by that court on a certified question. Mr. Schiller has appeared for appellants.
*294 The order of the Appellate Division should be affirmed. While defendant has not established that Mr. Schiller personally rendered legal services to Golinello during the period of his employment by Halperin, Somers & Goldstick, P. C. in 1972, and indeed his employment with that firm commenced after the February 4, 1972 closing of Golinello’s purchase of the Cross County stock and was terminated prior to the alleged divestiture of Cross County, there is such a conflict of interest in violation of the Code of Professional Responsibility, at least as the courts below were entitled to conclude, as to call for the disqualification of Mr. Schiller and the firm of King & King.
As to the conflict of interest we note that the amended complaint alleges transactions and activities on the part of defendants in connection with the sale in early 1972 of the Cross County stock and that the claimed conspiracy is alleged to have been commenced in 1971 and to have been pursued in the years subsequent thereto and during the time when Mr. Schiller was associated with the law firm which was then representing defendant Golinello. It is of no moment for present purposes that Mr. Schiller claims that he did not personally render any legal services to Golinello; it suffices that he was associated with the firm that did.
It is significant to observe that in this instance there is not presented for resolution the potentially difficult problem of balancing the interests of a client desirous of retaining an attorney of his personal choice and preference against the interests of the opposing litigant to be free from the risks of opposition by a lawyer once privy to that litigant’s confidences. In this case Mr. Schiller’s representation of plaintiffs was undertaken at the instance of the law firm of King & King. While such representation is asserted to have been with the knowledge and consent of plaintiffs, other than as might be inferred from such conclusory assertion there is no tender of evidentiary proof that plaintiffs in fact knew of Mr. Schiller’s involvement. There is not even a suggestion, much less any proof, that either plaintiff desired or sought Mr. Schiller’s professional services. Thus, this record is entirely devoid of any evidence of an interest of substance on the part of plaintiffs that they be represented by Mr. Schiller. His participation was only at the instance of King & King, plaintiffs’ retained counsel. Whatever might be the degree of risk of conflict or the quantum of possible conflict which might be *295 necessary to call for disqualification of an attorney or law firm selectively retained by a client, at least when there is no such purposeful retainer any substantial evidence of possible conflict of interest warrants disqualification of the lawyer.
The disposition in this case is dictated by long-established ethical standards in the practice of law. The constraints imposed by ethical precepts apply equally to all lawyers in a firm such as that which originally represented Golinello; if one lawyer would be disqualified from undertaking a subsequent representation, then all the attorneys in the firm are likewise precluded from such representation. (Cf. Seaward v Tasker, 143 NYS 257, revd on other grounds 171 App Div 964.) Thus, in this instance, if John Somers would be precluded from representing plaintiffs in this action so would Mr. Schiller. No one would seriously contend that Mr. Somers, having once represented Golinello in connection with the purchase of the Cross County stock, would now be free to represent plaintiffs in their assertion of claims against Golinello arising out of the same transaction. "Both the fiduciary relationship existing between lawyer and client and the proper functioning of the legal system require the preservation by the lawyer of confidences and secrets of one who has employed or sought to employ him” (Code of Professional Responsibility, EC 4-1). "The obligation of a lawyer to preserve the confidences and secrets of his client continue after the termination of his employment” (op. tit., EC 4-6). "The obligation [of an attorney] to represent the client with undivided fidelity and not to divulge his secrets or confidences forbids also the subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed” (former canon 6 of the Canons of Professional Ethics). The proscription against taking a case against a former client is predicated, however, on more than the possibility of use in the second representation of information confidentially obtained from the former client in the first representation. The limitation arises simply from the fact that the lawyer, or the firm with which he was then associated, represented the former client in matters related to the subject matter of the second representation. Accordingly, it is no answer that the lawyer did not in fact obtain any confidential information in connection with the first employment, or even that it was only other members of his firm who rendered the services to the client. *296 Irrespective of any actual detriment, the first client is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced in consequence of representation of the opposing litigant by the client’s former attorney. (Drinker, Legal Ethics, pp 109, 115.) The standards of the profession exist for the protection and assurance of the clients and are demanding; an attorney must avoid not only the fact, but even the appearance, of representing conflicting interests (Rotante v Lawrence Hosp., 46 AD2d 199; Edelman v Levy, 42 AD2d 758). "[W]ith rare and conditional exceptions, the lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship” (Matter of Kelly, 23 NY2d 368, 376).[2]
The Federal authorities cited by plaintiffs involving questions of the propriety of legal representation by former associates of very large law firms or by former Government lawyers are at best of only tangential interest in the present case; because they present different practical and ethical considerations, they are not persuasive and surely not determinative.
It is urged that even if Mr. Schiller is disqualified, such disqualification should not extend to the firm of King & King or with respect to the defendants other than defendant Golinello. We reject these contentions. Under the principle of attribution, while Mr. Schiller is associated with the King firm his disability extends to the other lawyers in the firm. Although it is alleged that the King firm did not know of Mr. Schiller’s association with Golinello’s former attorneys prior to the commencement of the representation of plaintiffs by King & King in April, 1975, there is no assertion of the firm’s innocence of such awareness when Mr. Schiller rented office space in the King office in July, 1975 or when he was subsequently requested to handle the present litigation. In this circumstance and because for several months Mr. Schiller and the firm of King & King have co-operated in the prosecution of plaintiffs’ claims against Golinello, the disqualification of Mr. Schiller must be deemed to extend to the King firm as well. This is so even though there is no direct proof that King & King have been the recipients of any improper disclosures or breaches of confidence arising out of Mr. Schiller’s former *297 association with Halperin, Somers & Goldstick, P. C. We further note that there is no proof in the record from either plaintiff personally of his desire to continue to be represented by the firm of King & King. Other than the personal affidavit of defendant Golinello in support of the motion for disqualification, the record contains only the affidavits of counsel for defendants in support of the motion and of the lawyers found to be disqualified in opposition thereto.
Similarly, in view of the allegations of conspiracy and joint participation of the other defendants with Golinello in the activities alleged in the complaint, there is no adequate basis for distinguishing between representation against Golinello on the one hand and representation against the remaining defendants on the other, as Mr. Schiller and King & King urge us to do. Additionally, in the absence of any evidence that they proceed in response to the particular importuning of their clients, it approaches the reprehensible for counsel, in an attempt to protect their own engagement, to suggest the imposition on their clients of the burden and expense of double representation.
For the reasons stated, the order of the Appellate Division should be affirmed, with costs to respondent payable by Mr. Schiller and King & King personally.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler and Cooke concur; Judge Fuchsberg taking no part.
Order affirmed, with costs to respondent payable by Mr. Schiller and King & King personally. Question certified answered in the affirmative.

. The original complaint is not reproduced in the record. The amended complaint, verified in April, 1976, alleges that Golinello defaulted in payment of the 36th in a series of notes given to evidence his obligation for installment payments of the purchase price for the capital stock of Cross County Sanitation Corp., and then proceeds to set forth five causes of action. The first, against Golinello, charges a breach of fiduciary duty in the disposition by Cross County of all its assets thereby leaving the corporation insolvent, in consequence of which its capital stock which had been pledged as collateral security for the payment of the purchase price of the stock, was rendered worthless. The second, against Meier, the escrow agent holding the Cross County stock, charges failure to protect the escrow. The third, against Somers and Golinello, charges wrongful inducement and participation in the economic divestment of Cross County and in the violation of the escrow agreement. The fourth, against Golinello, defendant Giannettino, Somers, and Somers, Goldstick & Weinberger, P. C., charges a conspiracy among the named defendants (including Mr. Schiller’s former associate and the successor to his former law firm) to defraud plaintiffs. The fifth and final cause of action, against Golinello, states a cause of action for default in payment of the promissory notes evidencing the' balance due on the original purchase price for the Cross County stock.

. The suggestion in the Kelly case that full disclosure and prior consent by the parties may sometimes obviate the objection to conflicting representation has no application.