OPINION OF THE COURT
Nathaniel T. Helman, J.
Third-party defendant De Leuw, Gather & Co. of New York, Inc. (De Leuw), seeks an order disqualifying the firm of Demov, Morris, Levin & Shein from representing Robert Rosenwasser, P. C., in the instant action on the grounds of an *496 alleged conflict of interest. De Leuw alleges William H. Morris of the subject law firm previously represented them in another action, which involved similar issues and as a consequence was privy to confidential matters that may be relevant to the second litigation.
Rosenwasser and his counsel oppose disqualification and counsel requests that De Leuw substantiate its allegations at an in camera proceeding. The court finds that such proceeding is unwarranted and inappropriate.
From the papers submitted, it is clear that from July 18, 1975 to April 11, 1978 Morris represented De Leuw in an action captioned Cappi v Cayuga Cummins Joint Venture. Thereafter from June 30, 1976 to date the Morris firm has represented Robert Rosenwasser, P. C., in the instant action. Both actions involve alleged negligence in the construction and/or design of the new Second Avenue subway. For a two- and one-half year period from July 18, 1975 to April 11, 1978 the Morris firm had contact with De Leuw’s engineers, and received technical information from their employees. De Leuw requested that Morris release its subsequent representation of Rosenwasser, but the law firm refused to comply with its then former client’s wishes.
Canon 5 of the Code of Professional Responsibility provides "A lawyer should exercise independent professional judgment on behalf of a client”. Relevant ethical considerations to be taken into account under canon 5 explicitly preclude a lawyer from accepting or continuing employment that may adversely affect his judgment on behalf of or dilute his loyalty to a client (Code of Professional Responsibility, EC 5-14, EC 5-15). The courts have interpreted canon 5 to require that a client has an absolute right to a law firm’s individual loyalty (Cardinale v Golinello, 43 NY2d 288; Cinema 5 v Cinerama, Inc., 528 F2d 1384). A fiduciary relationship exists between lawyer and client and attendant with it is a regard for the confidentiality of communications (see CPLR 4503; Code of Professional Responsibility, canon 4). Client security in the soundness of the fiduciary relationship is vital to the smooth functioning of our adversial system of jurisprudence (Emle Inds. v Patentex, Inc., 478 F2d 562). To this end, the Court of Appeals has recently concluded that, "The standards of the profession exist for the protection and assurance of the clients and are demanding; an attorney must avoid not only the fact, but even the appearance, of representing conflicting interests” (Cardinale v Goli *497 nello, supra, p 296). "[I]t is no answer that the lawyer did not in fact obtain any confidential information in connection with the first employment * * * Irrespective of any actual detriment, the first client is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced * * * (Drinker, Legal Ethics, pp 109, 115.)” (Cardinale v Golinello, supra, pp 295-296.) The obligation to confidentiality and loyalty continues under the Code of Professional Responsibility beyond the term of employment (Code of Professional Responsibility, EC 4-6), and extends to all members of a firm with whom counsel is associated. (Cardinale v Golinello, supra.) The actual transmittal of confidential information has been found to be irrelevant to a determination to disqualify (supra, p 295) and the court, "need not, indeed cannot, inquire whether the lawyer did, in fact, receive confidential information during his previous employment which might be used to the client’s disadvantage. Such an inquiry would prove destructive of the weighty policy considerations that serve as the pillars of Canon 4 of the Code, for the client’s ultimate and compelled response to an attorney’s claim of non-access would necessarily be to describe in detail the confidential information previously disclosed and now sought to be preserved.” (Emle Inds. v Patentex, Inc., supra, p 571.) Furthermore, the first client’s rights to loyalty takes precedence over the second client’s individual preference for a particular counsel (Emle Inds. v Patentex, Inc., supra).
Accordingly, the court finds that under the circumstances the appearance of a conflict exists and the motion to disqualify is granted. Further, Mr. Morris and members of his firm are enjoined from communicating any information imparted to them by third-party defendant or its employees for the purposes of preparing for the Cappi litigation. Nor shall such information be divulged to Robert Rosenwasser, P. C., or its new counsel.