Jones, J.
(concurring). I agree that the Eaton, Van Winkle firm must be disqualified, but I reach this conclusion on a slightly different analysis than does the majority and without reliance on obligations which attach when there is an attorney-client relationship.[1] Indeed, in my view, the core issue here is whether in view of the legitimate interests of third parties — the defendants in this action — the present attorney-client relationship between the Eaton, Van Winkle firm and Mrs. Greene may properly be allowed to continue. This case presents for resolution "the potentially difficult problem of balancing the interests of a client [here Mrs. Greene] desirous of retaining an attorney of [her] personal choice and preference against the interests of the opposing litigant to be free from the risks of opposition by a lawyer once privy to that litigant’s confidences”. (Cardinale v Golinello, 43 NY2d 288, 294.)
The focus, as it seems to me, must be on the right of defendants in the lawsuit brought against them by Mrs. Greene not to have her represented by a law firm which includes, or until very recently did include, two lawyers who were members of the defendant law firm and allegedly privy to its affairs at the time of the transactions which form the basis of Mrs. Greene’s claims. It appears that Grutman and Bjork, husband and wife, were partners in the Finley, Kumble firm (defendants herein), and, if not actual participants in rendering the professional services of which Mrs. Greene complains, at least had access to the inner workings of that firm when those services were being rendered to her. To permit another law firm with which Grutman and Bjork subsequently became affiliated to represent Mrs. Greene in her lawsuit against their former firm would be inappropriate, at least when there is tendered no special reason why Mrs. Greene selected the Eaton, Van Winkle firm over others to represent her. The information and any documents and records which Bjork and Grutman might have acquired while in the inner councils of defendants’ affairs should not be made available to Mrs. Greene other than by discovery or on trial in the action. From the perspective of defendants they are entitled to be protected from having their adversary represented by an attorney who was directly or indirectly an inside *455 participant on their side of the transactions on which the lawsuit is based. And in this instance any primary disqualification of Grutman and Bjork on this ground must be extended vicariously to any law firm of which either of them is a member.
From the opposing point of view of Mrs. Greene, the client, it may surely be said that, absent any countervailing considerations, she should be entitled to an attorney or law firm of her preferential choice. In this instance, however, the substantive rights of defendants do countervail and must be held sufficient to require Mrs. Greene to seek legal representation elsewhere. Conceivably the result might be different with recourse had to other means adequately to protect the legitimate rights of defendants not to have one of their former members sit in the councils of the enemy if there were special reasons, such as prior association, personal confidence or relationship, or singular experience and competence, supporting the client’s initial desire to be represented by the particular law firm or lawyer. In this case, however, it does not appear that the Eaton, Van Winkle firm or any of its members had ever previously represented Mrs. Greene, nor does she now advance any reason why she could not be as adequately, competently and satisfactorily represented by some other firm. Indeed, no explanation is offered as to why she chose the Greene firm in the first place.[2]
Nor does it seem to me that the predicament is significantly altered by reason of the fact that Grutman and Bjork have recently severed all affiliation with the Eaton, Van Winkle firm.[3] There has been opportunity for, even if not the fact of, disclosure by Grutman and Bjork (while members of the Eaton, Van Winkle firm and allegedly participating in the preparation of Mrs. Greene’s complaint in the present action) of information or writings either of them may have obtained while they were part of the Finley, Kumble firm. The necessity for disqualification of the Eaton, Van Winkle firm continues, only slightly diminished, even after Grutman and Bjork have left. (Cf. Cardinale v Golinello, 43 NY2d 288, 296, supra.)
Because the presence of Grutman and Bjork has operated to disqualify the Eaton, Van Winkle firm, however, does not *456 mean that plaintiffs lawsuit must be dismissed, as defendants urge. Mrs. Greene is not to be penalized because she retained the Eaton, Van Winkle firm with knowledge of the Grutman and Bjork involvement but apparently without comprehension that the firm might be disqualified to serve her should objection thereto be raised by defendants. She is now free to engage other counsel to represent her in the prosecution of her lawsuit against the Finley, Kumble firm and its members. I would be confident that in turning over Mrs. Greene’s files to a successor law firm or attorney, the Eaton, Van Winkle firm will remove any writings or documentary evidence which might have found their way into those files from Grutman or Bjork.
Judges Jasen, Gabrielli and Fuchsberg concur with Chief Judge Cooke; Judge Jones concurs in result in a separate opinion in which Judge Wachtler concurs.
Order modified, etc.

. Any prejudice to which Mrs. Greene, the client, might be exposed is not pertinent to the present application, and indeed appears in any event to have been effectively waived by her.

. It appears from the record that Mrs. Greene selected the Eaton, Van Winkle firm from among six firms recommended to her by two New York City banks.

. A motion by plaintiff to dismiss the appeal on the ground of mootness because of such severance was denied on April 5, 1979. (46 NY2d 1072.)