Hon. John R. Marshall, Jr. District Attorney, Chenango County
This is in reply to your letter of June 20, 1979, in which you seek this office's opinion with respect to the following:
 "Question: Can a partner or an associate in the law office of an attorney in private practice who is also acting City Judge for the City of Norwich City Court located in Chenango County be appointed an Assistant District Attorney for the same county?
 "Question: Can this person prosecute cases as Assistant District Attorney in the town and village courts and Chenango County court and not in the Norwich City Court?"
Section 471 of the Judiciary Law states in part:
 "A law partner of, * * * a judge, shall not practice or act as an attorney or counsellor, in a court, of which the judge is, or is entitled to act as a member, or in a cause originating in that court; * * *"
From a statutory prescription of the duties of a district attorney and the jurisdiction of a city court it can be seen that a judge of the city court and a district attorney of the same county may not be law partners (61 Op Atty Gen 183; cf 66 Op Atty Gen 34).
County Law, § 700, states in part:
 "It shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county * * *"
The Criminal Procedure Law, § 10.30 and § 10.10 create a substantial conflict when they give city courts trial jurisdiction over most petty offenses and misdemeanors and preliminary jurisdiction over all offenses, subject to divestiture by the superior courts. A district attorney could not be a law partner of a city judge without violating either section 471 of the Judiciary Law or his statutory duty under section 700 of the County Law.
The incompatibility between the positions of city court judge and district attorney is applicable also to the position of Assistant District Attorney.
The Assistant District Attorney is required to "perform such duties pertaining to the office as may be directed by the district attorney" (County Law, § 702, p 2). It might seem possible for these duties to be so ordered as to never require violation of section 471. The Assistant District Attorney would simply be given cases which did not originate and are not now in the city court.
There are at least two objections to this course however, First, a district attorney's office is similar to a law partnership (N.Y.S.B.A. 118 [1969]; N.Y.S.B.A. 214 [1971]).
"No member of a law firm may properly accept any professional employment which any member of the firm cannot properly accept" (N.Y.S.B.A. 280 [1973]; Cardinale v Golinello, 43 N.Y.2d 288, 294).
Besides that ethical consideration, it is possible that the city judge would be forced to disqualify himself from all cases brought by the District Attorney's office. Judiciary Law, § 14, reads in part:
 "A judge shall not * * * take any part in the decision of * * * proceeding to which he is a party, or in which he has been attorney or counsel, or in which he is interested, * * *"
The successes of a district attorney's office would bring credit to all members of that office and indirectly benefit the judge's partnership (61 Op Atty Gen 183).
Canon 9 of the Lawyer's Code of Professional Responsibility states "A lawyer should avoid even the appearance of professional impropriety" should govern.
Accordingly, the response to your two questions must be that the proposed professional activity should not be undertaken.