■ MARY E. LETIZIA, Respondent, v THOMAS LETIZIA, Appellant.—In an action for a separation and ancillary relief, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Rockland County (Nicolai, J.), dated October 26, 1984, as granted the plaintiff wife's motion to disqualify his counsel from representing him in the action.

Order affirmed, insofar as appealed from, with costs.

A partner in the firm retained by the defendant to represent him in this matrimonial action had previously been a partner in the firm representing the plaintiff. The retainer agreement between the plaintiff and her firm cited this attorney, Ronald A. Phillips, as the attorney-in-charge of the case up until the time of trial, and provided that Mr. Phillips would assign associates in the firm to the day-to-day activities in connection with the case.

Plaintiff's counsel alleges that Mr. Phillips took part in discussions of the plaintiff's case as was customary at the regular meetings of the firm's attorneys. Therefore, plaintiff's counsel maintains that Mr. Phillips should be disqualified under Code of Professional Responsibility, canon 9, which states: "A Lawyer Should Avoid Even the Appearance of Professional Impropriety", and that the entire firm should be disqualified under the principle of attribution.

Mr. Phillips contends that he never had any contact with the plaintiff's case while employed by the plaintiff's firm. He alleges that he would not become involved in cases until litigation commenced, and the plaintiff did not commence her action until more than seven months after he had left the plaintiff's firm. Moreover, Mr. Phillips argues that the defendant should be allowed to retain a firm of his own choosing.

An attorney must avoid not only the fact, but even the appearance, of impropriety *(Cardinale v Golinello,* 43 NY2d 288). The court must weigh the interests of the client desirous of retaining an attorney of his or her own choice against the interests of the opposing litigant to be free from the risks of opposition by a lawyer once privy to that litigant's confidence *(Cardinale v Golinello, supra; Greene v Greene,* 47 NY2d 447).

The facts of this case give rise to an appearance of impro-

priety on the part of Mr. Phillips. Therefore, he is disqualified from representing the defendant in this action. Furthermore, the entire firm is also disqualified under the principle of attribution *(Cardinale v Golinello, supra).* Defendant's interest in retaining a firm of his own choice is outweighed by the plaintiff's overriding interest in being free from the risk of opposition by a lawyer once privy to her confidences. Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.