■ RANJEET GROVER, Respondent, v JOGINDER S. VIRDI,

Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Queens County (Glass, J.), dated May 19, 1986, which denied his motion for an order disqualifying the attorney for the plaintiff wife.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the firm of Auditore & Derr is disqualified from representing the plaintiff and no further proceedings shall be taken against her, without leave of the court, until the expiration of 30 days after service upon her personally of a copy of this decision and order, which shall constitute notice to appoint another attorney under CPLR 321 (c).

The defendant moved for an order disqualifying his wife's counsel on the ground that, over the past seven years, the firm had represented both the parties during the marriage in prior litigation involving business interests and in the management of certain business enterprises and personal transactions. The defendant also raised the possibility that members of the firm might be called as witnesses in the instant action. The plaintiff's counsel admitted having represented the defendant in what it maintains was a wholly unrelated action and asserted that its course of dealings with the defendant was purely in its capacity as the plaintiff's agent and that, therefore, disqualification is not mandated since the firm was not privy to the defendant's confidences, and, thus, a "reasonable probability of disclosure" of confidential information did not exist *(see, Greene v Greene,* 47 NY2d 447, 453).

It is incumbent upon an attorney to "preserve the confidences and secrets of a client" (Code of Professional Responsibility Canon 4) and to "avoid even the appearance of professional impropriety" (Code of Professional Responsibility Canon 9; *Cardinale v Golinello,* 43 NY2d 288). We conclude that disqualification is warranted since the facts of this case give rise to an appearance of impropriety on the part of the plaintiff's law firm. Further, it is reasonable to infer that in its past representation of the parties, the plaintiff's counsel obtained confidential information relevant to the financial issues in this matrimonial case *(see, e.g., Greene v Greene,* 47 NY2d 447, *supra; Mondello v Mondello,* 118 AD2d 549; *Letizia v Letizia,* 117 AD2d 587). More particularly, in this contested equitable distribution case involving disputed claims as to the division of property, the prior representation of the defendant by the plaintiff's counsel becomes relevant in that it may be assumed that the plaintiff's counsel had some confidential knowledge of the parties' respective financial contributions to

their business enterprises and property. Weinstein, J. P., Eiber, Spatt and Sullivan, JJ., concur.