OPINION OF THE COURT
Peter Tom, J.
Defendant John Charles moves for an order (1) disqualifying *251 the law firm of Kurtzman & Haspel (the Kurtzman Firm) from representing plaintiff in this action and (2) enjoining and restraining the Kurtzman Firm and all members and associates from disclosing and revealing to plaintiff or substitute counsel, any of the information that it has obtained in acting as both trustee in bankruptcy of defendant Walter T. Murphy Construction, Inc. (Murphy) and as attorney in the present action.
In this action, plaintiff as subcontractor for defendant Murphy performed certain electrical work on premises owned by defendant New York Telephone Company. Defendant Charles is the owner and principal of defendant Murphy. Plaintiff asserts in the complaint that it was not paid for the electrical work and seeks in this action to recover from defendants for the work performed.
At the commencement of this action, the attorney Leslie Trager of the firm of Trager & Weiss represented plaintiff.
Subsequent to the commencement of this action, Murphy filed for bankruptcy. The Kurtzman Firm was appointed trustee in bankruptcy for the estate of Murphy.
In or about March or April 1992 defendants’ attorney learned that Leslie Trager had joined the Kurtzman Firm when a letter sent by the firm as trustee showed that Leslie Trager is of counsel to the firm.
Defendant Charles seeks in this motion to disqualify the Kurtzman Firm on the ground that the firm is representing parties in this action with conflicting interests.
Plaintiff’s attorney, Leslie Trager, states in his affirmation that, for the purpose of this motion, it can be assumed that in effect his law firm represents plaintiff in this action and is the trustee in bankruptcy for the estate of Murphy.
The court finds plaintiff’s argument that disqualification is unwarranted since there is in fact no conflict in the dual representation by the Kurtzman Firm to be unpersuasive.
An attorney must avoid not only the fact, but even the appearance of representing conflicting interests. (Cardinale v Golinello, 43 NY2d 288; Edelman v Levy, 42 AD2d 758; Emle Indus, v Patentex, Inc., 478 F2d 562; Code of Professional Responsibility EC 4-1, 4-6.)
The mere appearance that an attorney is representing conflicting interests is sufficient to warrant disqualification. (Sapienza v New York News, 481 F Supp 676.) To permit even the appearance that an attorney is representing conflicting *252 interests would erode public confidence in the integrity of our adversary system and undermine the public’s perception of the fair administration of the law. Thus, an attorney is forbidden to place himself in a position which would advance, or even appear to advance, conflicting interests. (Greene v Greene, 47 NY2d 447; Cardinale v Golinello, supra; Eisemann v Hazard, 218 NY 155.)
A trustee in bankruptcy representing all creditors of the estate has a duty to examine all proofs of claim, and must object to allowance of claims found to be improper. (Matter of Itemlab, Inc., 257 F Supp 764; 1978 Bankruptcy Code [11 USC] § 704.) Thus, the trustee stands in a fiduciary relationship to all creditors and should be wholly free from any alliances or associations which might affect his complete independence and judgment. (In re Deena Woolen Mills, 114 F Supp 260.) Any alliance or association by the trustee with a creditor or creditors may result in a conflict of interest and might enable a creditor or creditors to secure an advantage or preference over other creditors of the estate.
The Kurtzman Firm as trustee would have to pass on its own proof of claim prepared on behalf of plaintiff in the bankruptcy proceeding. The Kurtzman trustee may prejudge the merits of plaintiff’s claim in the bankruptcy proceeding which would compromise its independence and responsibility. The allowance or disallowance of plaintiff’s claim in the bankruptcy proceeding would have an effect upon plaintiff’s action against defendants in this case.
Another function of the trustee is to inquire into the conduct, character and quality of the debtor’s management, and to reveal all causes of action against officers, directors or others which might inure to the bankruptcy estate. (1978 Bankruptcy Code [11 USC] § 704 [4].)
Plaintiff alleges in the instant complaint that defendant Charles, as president of Murphy, made fraudulent representations, which plaintiff relied on to its detriment and that defendant Charles was removing assets from defendant Murphy and secreting said assets in order to enrich himself at the expense of Murphy’s creditors.
The trustee has wide investigative power to investigate the debtor’s liabilities and property, the quality of its management and the reasons for its insolvency. The Kurtzman Firm can use its broad investigative power as trustee to aid plaintiff in obtaining incriminating evidence against defendant Charles *253 which would create an uneven advantage in favor of plaintiff and impinge upon the right of defendant to defend this action.
This court does not question the good faith of the Kurtzman Firm nor its ability to be impartial. However, the possibility of a conflict of interest and the appearance of a conflict under the facts of this case are too great for the court to disregard (see, Rotante v Lawrence Hosp., 46 AD2d 199).
A litigant is entitled to the certainty that his interest will not be prejudiced by the representation of his adversary’s attorney of any possible conflicting interest. A lawyer’s assertion of good faith is an inadequate safeguard against violation of the Code of Professional Responsibility (see, Emle Indus, v Patentex, Inc., 478 F2d 562, supra).
Any doubts as to a possible conflict of interest of a lawyer’s representation of a party shall be resolved in favor of disqualification. (Narel Apparel v American Utex Intl., 92 AD2d 913; Glueck v Jonathan Logan, Inc., 512 F Supp 223, affd 653 F2d 746.)
The prescription of ethical standards apply equally to all lawyers in a firm and if one lawyer would be disqualified from subsequently representing a party, then all the attorneys in the firm are precluded from making such representation. (Cardinale v Golinello, supra.)
Based on the foregoing, that portion of defendant’s motion for an order disqualifying the law firm of Kurtzman & Haspel from representing plaintiff is granted.
That portion of defendant’s motion for an order enjoining and restraining the Kurtzman Firm as counsel to plaintiff from disclosing and revealing to plaintiff or substitute counsel any of the information it has obtained in the present action is granted. However, the Kurtzman Firm as trustee may disclose and reveal to plaintiff or substitute counsel any information it has obtained in the normal and regular course of its duty as trustee in the bankruptcy proceeding.
This action is stayed 30 days from service of a copy of this order with notice of entry for plaintiff to retain new counsel.