■ SANDRA BAUERLE, Appellant, v THOMAS BAUERLE, Respondent. [616 NYS2d 275] —Order affirmed without costs for reasons stated in decision at Supreme Court, Sedita, Jr., J.

All concur except Balio and Wesley, JJ., who dissent and vote to reverse in the following Memorandum.

Balio and Wesley, JJ. (dissenting). We respectfully dissent. Plaintiff appeals from an order denying her motion to disqualify attorney Herbert Siegel and the law firm of Siegel, Kelleher & Kahn (law firm) from representing defendant in the subject divorce action. Because a member of the law firm acquired confidential information from plaintiff concerning the identical issues involved in the divorce action during an orientation meeting preliminary to a prospective mediation, we conclude that Siegel and the law firm should be disqualified from representing defendant.

The parties physically separated on October 31, 1993, when defendant left the marital residence. Defendant had a conversation with Siegel within the next day or two concerning his matrimonial difficulties. Siegel recommended that defendant and plaintiff participate in mediation with Ross Runfola, a member of the law firm and a certified mediator, and Siegel discussed with defendant the fees that he and the law firm would charge for mediation and for a divorce action. Defendant then spoke twice with plaintiff concerning mediation and plaintiff agreed to attend an initial session with Runfola. According to plaintiff, she and defendant initially discussed mediation a couple of weeks before their separation. The subject of mediation repeatedly arose during subsequent conversations and, on November 13, 1993, defendant threatened that, if plaintiff did not participate in mediation, she would not get any money. Plaintiff then agreed to participate.

Defendant called Runfola and made an appointment for November 24, 1993. The initial session lasted almost two hours. Runfola explained the nature of mediation and the mediation process. Defendant testified at a hearing that Runfola also discussed the child support guidelines and asked questions about ownership of the marital residence, marital debts, and the employment status of the parties and their income. The parties discussed the subject of child visitation on Thanksgiving and the fact that an oriental rug was damaged, but Runfola did not participate in that discussion. According to plaintiff, the parties also discussed matters pertaining to child support, spousal maintenance, possession of the marital residence and distribution of several items of personal property.

The parties did not agree to pursue the mediation process. Instead, plaintiff commenced this action for divorce and defendant retained the law firm to defend that action. Plaintiff moved to disqualify Siegel and the law firm from representing defendant. Supreme Court denied that motion, finding that, because mediation never commenced, there was no prior attorney-client relationship between the law firm and plaintiff and that there was no disclosure of confidential information. We conclude that the court erred in reaching that determination.

"A party seeking to disqualify an attorney or a law firm, must establish (1) the existence of a prior attorney-client relationship and (2) that the former and current representations are both adverse and substantially related" *(Solow v Grace & Co.,* 83 NY2d 303, 308). Where a former client satisfies that burden, an irrebuttable presumption of disqualification arises, disqualifying the attorney and the law firm from representing a party against the former client *(Solow v Grace & Co., supra,* at 308-309). The presumption is employed to protect two major concerns: client confidences and avoidance of the appearance of impropriety *(Solow v Grace & Co., supra,* at 309). It is not necessary, however, to show that confidential information actually was imparted or that there is, in fact, a conflict of interest *(see, Solow v Grace & Co., supra,* at 309; *Cardinale v Golinello,* 43 NY2d 288, 295). "Irrespective of any actual detriment, the first client is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced in consequence of representation of the opposing litigant by the client's former attorney" *(Cardinale v Golinello, supra,* at 296).

Runfola concedes that, once he undertakes to serve as a

mediator, he may not thereafter represent either spouse in the matrimonial action that was the subject of mediation. He nevertheless maintains, and the court agreed, that, because he never started mediation with the parties, neither he nor the law firm is disqualified from representing one of the parties. That was error.

Although, as a technical matter, Runfola did not actually mediate a disputed issue, the initial orientation session constituted an integral first step in the mediation process. The convening of an orientation session for the purpose of explaining the process of mediation and the difference between mediation and other means of conflict resolution is an accepted standard of practice for mediations conducted by lawyers *(see,* American Bar Association Standards of Practice for Lawyer Mediators in Family Disputes [ABA Standards], reprinted in Rogers & McEwen, Mediation, at 812-816; Model Standards of Practice for Family and Divorce Mediation of the Association of Family and Conciliation Courts [Model Standards], reprinted in Rogers & McEwen, *op. cit.,* at 816-823). Those standards further provide that, in initiating the mediation process at that orientation session, the mediator is to obtain sufficient information from the participants so they can mutually define the issues to be resolved in mediation (ABA Standards, *op cit.,* at 812; Model Standards, *op. cit.,* at 817). That preliminary orientation session is materially indistinguishable from the initial consultation with an attorney wherein information is disclosed in confidence by a prospective client who later decides not to retain the attorney. The attorney is disqualified from representing the spouse of that prospective client *(see, Seeley v Seeley,* 129 AD2d 625; *cf., New York Univ. v Simon,* 130 Misc 2d 1019), and the same rule should be applied to the initial stage of mediation.

The court also erred in concluding that disqualification was not required because there was no disclosure of confidential information. As previously noted, there is no need to establish that confidential information was disclosed. "[I]t is no answer that the lawyer did not in fact obtain any confidential information in connection with the first employment" *(Cardinale v Golinello, supra,* at 295). In any event, the record fails to support the court's conclusion. The parties testified that Runfola inquired about several facts essential and material to divorce litigation and that Runfola was present when the parties discussed issues pertaining to visitation and damage to marital property. Further, if plaintiff's testimony is credited, the parties also discussed such matters as child support,

spousal maintenance and a distribution of the parties' personal property. Thus, information relevant and material to the divorce action was obtained by, or imparted to, Runfola during that initial session. Because parties are encouraged to be candid and to disclose fully their circumstances and positions in mediation, disclosures that are relevant to the subject of mediation or litigation made in the context of mediation are deemed confidential even though the adversary party is present (see, American Airlines v National Mediation Bd., 588 F2d 863 [labor disputes]; see also, Judiciary Law § 849-b [6]; Demuth, *Theories for Protecting Mediation*, reprinted in Confidentiality in Mediation: A Practitioner's Guide 155-164 [American Bar Assn 1980]). Further, there is more than a possibility that information disclosed by plaintiff during that initial session will be further disclosed to other members of the law firm. Because Runfola is of the view that the mediation process did not begin, there is a distinct likelihood that he would consider himself under no ethical constraint to preserve the confidentiality of disclosures made at the initial session. This is not the exceptional case where there is no possibility that material information will be disclosed to the law firm representing the adversary of a former client (see, e.g., *Solow v Grace & Co., supra*). Siegel and Runfola are active matrimonial practitioners. Matrimonial and family law constitute a significant portion of the law firm's overall practice, and the mediation center is an integral part of the law firm's service to clients. Under the circumstances, the irrebuttable presumption of disqualification must be employed (see, *Solow v Grace & Co., supra; Cardinale v Golinello, supra*).

We would be remiss if we did not commend the law firm for its establishment of the mediation center and its efforts to resolve matrimonial disputes through mediation. The presumption of disqualification, however, serves to protect the integrity of the mediation process and the lawyering process, to ensure that lawyers and lawyer mediators avoid even the appearance of impropriety. Where, as here, relevant information is imparted to a lawyer mediator during an initial stage of the mediation process, the presumption must be employed to avoid the appearance of impropriety, and the lawyer mediator and his law firm must be disqualified from representing either party to that initial consultation in subsequent litigation involving the same matter.

We further note that plaintiff moved to disqualify at the earliest possible stage in the litigation. Neither Siegel nor the law firm has previously represented defendant in other mat-

ters. Thus, the motion was not made to acquire some tactical advantage or to delay the litigation. We would reverse the order appealed from and grant plaintiff's motion to disqualify. (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Disqualification of Law Firm.) Present—Pine, J. P., Balio, Fallon, Wesley and Davis, JJ. *[See,* 161 Misc 2d 973.]