■ In the Matter of WALDEN FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant, v VILLAGE OF WALDEN et al., Respondents. [622 NYS2d 796] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondents, dated March 23, 1994, which imposed certain conditions upon the petitioner's site plan approval, the petitioner appeals, by permission, from an order of the Supreme Court, Orange County (Owen, J.), dated September 28, 1994, which granted the respondents' motion to disqualify counsel for petitioner.

Ordered that the order is affirmed, with costs.

The law firm of Jacobowitz & Gubits (hereinafter JG) represented the petitioner bank for more than 25 years, with that representation including matters connected with the bank's 1993 application for its building expansion plan. JG also represented each of the respondents at various times from the 1950's to 1987, including the time period when certain provisions were added to the Code of the Village of Walden affecting the bank's site plan approval. The respondents conditioned the bank's site-plan approval on these provisions. Thereafter, JG commenced this proceeding pursuant to CPLR article 78 on the bank's behalf, challenging the very provisions which JG had drafted and helped to enact during its previous representation of the respondents. The respondents subsequently moved for disqualification of JG as the petitioner's counsel, arguing that JG was in violation of Code of Professional Responsibility DR 5-108 (A) (1) and (2) (22 NYCRR 1200.27 [a] [1], [2]).

The court properly granted the respondents' motion on the basis of conflict of interest, finding that JG's former and current representations were both substantially related, as well as adverse (see, Solow v Grace & Co., 83 NY2d 303, 308; Cardinale v Golinello, 43 NY2d 288, 295-296; T.C. Theatre Corp. v Warner Bros. Pictures, 113 F Supp 265, 268; Code of Professional Responsibility DR 5-108 [A] [1] [22 NYCRR 1200.27 (a) (1)]). The court's ruling is further supported by its finding that when, as here, it is reasonable to infer that JG gained some confidential information during its former representation of the respondents which is of value to its present client, disqualification is justified on the basis of the mere appearance of impropriety (see, e.g., Silver Chrysler Plymouth v Chrysler Motors Corp., 370 F Supp 581, 589, affd 518 F2d 751; People v Shinkle, 51 NY2d 417; Greene v Greene, 47 NY2d 447, 451; Cardinale v Golinello, supra, at 296; Nemet v Nemet, 112 AD2d 359, 360; Colonie Hill v Duffy, 86 AD2d 645, 646; Code of Professional Responsibility DR 5-108 [A] [2] [22 NYCRR 1200.27 (a) (2)]).

The petitioner's remaining contentions lack merit. O'Brien, J. P., Lawrence, Krausman and Florio, JJ., concur.