■ ENRIQUE ALICEA et al., Respondents, v ANGELINA BENCIVENGA, Appellant. [704 NYS2d 578] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered July 13, 1999, which

denied defendant's motion to disqualify plaintiffs' counsel, unanimously reversed, on the law, without costs, and the motion granted.

This is a personal injury action brought by tenants against the owner of their building to recover damages allegedly sustained when Enrique Alicea slipped and fell on an icy step caused by a negligently maintained gutter in the roof overhanging the steps. About two years after this action was commenced, William Peterman, who had been employed by the firm representing defendant, joined the firm representing plaintiffs. When with his former firm, Peterman had been personally responsible for the handling of this action, and in fact had evaluated the case, conducted depositions, and reported all matters to defendant's insurance carrier. Based upon this apparent conflict of interest, defendant moved to disqualify plaintiffs' counsel. The opposition to that motion was based on defendant's delay in bringing the motion and an offer to transfer the file to another office maintained by plaintiffs' counsel to create a "kind of Chinese wall".

The rules which govern the permissible conduct of lawyers are very clear that an attorney who has represented an individual may not subsequently represent an adverse person in the same matter (Code of Professional Responsibility DR 5-108 [A] [1] [22 NYCRR 1200.27 (a) (1)]). A rebuttable presumption of disqualification arises from such serial adverse representation which applies to the individual attorney and to the entire firm (*Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d 611; *Cardinale v Golinello*, 43 NY2d 288, 295). Plaintiffs' counsel have not overcome this presumption where, as here, the attorney who previously represented defendant was responsible for the defense, regularly communicated with the insurance carrier and discussed substantial amounts of confidential information. As the motion to disqualify was not made on the eve of trial, the delay in moving is not a bar to the relief sought, particularly where the conflict is so clear (*see, Natiello v Natiello*, 209 AD2d 389). Concur—Rosenberger, J. P., Williams, Rubin, Andrias and Buckley, JJ.