OPINION OF THE COURT
Per Curiam.
Order dated November 14, 2001 modified to grant respondent’s motion to disqualify petitioner’s counsel; as modified, order affirmed, without costs.
*154 This holdover summary proceeding, commenced in January 2001, is founded upon allegations that respondent Hirsch occupies the apartment premises as a “licensee/squatter.” Respondent Hirsch initially retained an attorney named Bruno Bianchi, then a solo practitioner, to represent her in defending against the petition. On respondent’s behalf, Bianchi submitted a detailed answer asserting, inter alia, a substantive defense of illusory tenancy and two counterclaims, and filed court papers and appeared at oral argument in connection with the parties’ cross motions to dismiss the respective pleadings. Bianchi’s representation of respondent continued through July of 2001, when Bianchi joined the firm representing petitioner. Based upon this apparent conflict of interest, respondent timely moved to disqualify petitioner’s counsel. In opposition, the supervisory attorney handling petitioner’s case argued that there was “no likelihood” that the 40-attorney firm representing petitioner would acquire any confidential client information since the affiant was not “working with” Bianchi on any matter and there is no “formal firmwide discussion of * * * pending cases.”
“The rules which govern the permissible conduct of lawyers are very clear that an attorney who has represented an individual may not subsequently represent an adverse [party] in the same matter (Code of Professional Responsibility DR 5-108 [A] [1] [22 NYCRR 1200.27 (a) (1)]). A rebuttable presumption of disqualification arises from such serial adverse representation which applies to the individual attorney and to the entire firm (Kassis v Teacher’s Ins. & Annuity Assn., 93 NY2d 611; Cardinale v Golinello, 43 NY2d 288, 295).” (Alicea v Bencivenga, 270 AD2d 125, 126.) On this record, and considering the appreciable role played by Bianchi as solo counsel for respondent during the pretrial stages of this litigation, petitioner’s counsel did not meet its “heavy” burden of rebutting the presumption of shared confidences and disqualification (Kassis v Teacher’s Ins. & Annuity Assn., supra, 93 NY2d at 618-619). Petitioner’s counsel’s attempts to erect a “Chinese wall” in this case, therefore, are “inconsequential” (id.).
Suarez, P.J., Gangel-Jacob and Schoenfeld, JJ., concur.