■ PHILIP WANDER, Appellant, v JEFFREY MEIER et al., Respondents. [793 NYS2d 406]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered May 5, 2004, which, to the extent appealed from as limited by the brief, granted defendants' motion to disqualify plaintiff's counsel, unanimously affirmed, without costs.

A conflict of interest exists in David Wander's representation of plaintiff, given his prior representation of the interests of defendant Gemini Textiles, Ltd., a company owned by defendant Jeffrey Meier, in two previous transactions. Mr. Wander's former representation of Gemini is substantially related to the current litigation, in which Gemini's financial condition will be placed at issue (*see Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d 611, 617 [1999]). In addition, Mr. Wander's representation of plaintiff may be reasonably perceived as placing such confidences of defendants as were reposed in Wander during the prior representation in jeopardy of disclosure to an adverse

party (*see* Code of Professional Responsibility DR 4-101 [22 NYCRR 1200.19]). Defendants are "entitled to freedom from apprehension and to certainty that [their] interests will not be [so] prejudiced" (*Cardinale v Golinello*, 43 NY2d 288, 296 [1977]). Concur—Mazzarelli, J.P., Saxe, Marlow, Gonzalez and Sweeny, JJ.