■ STAR ONE S.A., Appellant, v ANDESAT S.A. E.M.A. et al., Respondents. [909 NYS2d 634]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered March 11, 2010, dismissing this proceeding to disqualify respondent Akerman law firm as counsel for the corporate respondents, unanimously reversed, on the law and the facts, with costs, and the petition granted.

There is a conflict of interest in the Akerman firm's representation of the Andesat entities in a pending arbitration where they are the claimants, given that one of its partners, Charles Beeman, previously represented the interests of petitioner (respondent in the arbitration) in negotiating a set of agreements substantially related to the subject of the arbitration (*see Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d 611 [1999]). Beeman's representation of Andesat may be reasonably perceived as risking disclosure to an adverse party of confidences petitioner entrusted in him during the prior representation (*see Wander v Meier*, 17 AD3d 264 [2005]). Petitioner is "entitled to freedom from apprehension and to certainty that [its] interests will not be [so] prejudiced" (*Cardinale v Golinello*, 43 NY2d

288, 296 [1977]). Concur—Tom, J.P., Saxe, Moskowitz, DeGrasse and Abdus-Salaam, JJ.