City & County Paving Corp. v Titan Concrete, Inc. (2019 NY Slip Op 04776)





City & County Paving Corp. v Titan Concrete, Inc.


2019 NY Slip Op 04776


Decided on June 13, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2019

Friedman, J.P., Richter, Tom, Gesmer, Moulton, JJ.


9625N 24108/18E

[*1] City & County Paving Corp., Plaintiff-Respondent,
v
Titan Concrete, Inc., Defendant-Appellant.


Farrell Fritz, P.C., Uniondale (Jason S. Samuels of counsel), for appellant.
Sullivan PC, New York (Peter R. Sullivan of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered December 3, 2018, which denied defendant's motion to disqualify plaintiff's counsel, unanimously reversed, on the law and the facts, without costs, and the motion granted.
Plaintiff's counsel represented defendant at the time that he commenced this action against defendant on plaintiff's behalf. Thus, the conflict of interest arose at that time and must be assessed as of that time (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.7[a][1]; Georgetown Co., LLC v IAC/Interactive Corp., 2017 NY Slip Op 30676[U], *7 [Sup Ct, NY County 2017]; Vinokur v Raghunandan, 27 Misc 3d 1239[A], 2010 NY Slip Op 51108[U], *3 [Sup Ct, Kings County 2010]).
Although the matter in which plaintiff's counsel represented defendant is unrelated to the instant matter, we find that counsel should be disqualified because "an attorney must avoid not only the fact, but even the appearance, of representing conflicting interests" (Cardinale v Golinello, 43 NY2d 288, 296 [1977]; see also New York State Bar Association, Rules of Professional Rule Conduct, rule 1.7, comment 6 ["(A)bsent consent, a lawyer may not advocate in one matter against another client that the lawyer represents in some other matter, even when the matters are wholly unrelated"] [emphasis added]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 13, 2019
CLERK